The State of Ohio, Appellee, v. Wright, Appellant.

(No. 28115—Decided June 29, 1967.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Charles W. Fleming,* for appellee.

*Mr. Norman S. Minor* and *Mr. John H. Carson, Jr.,* for appellant.

Silbert, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County wherein the defendant, Tommie Wright, was found guilty by the court—a jury having been waived—of two counts of armed robbery.

The relevant facts involved herein are as follows: In early 1965, a home on the east side of Cleveland was robbed by three or more men. These men, one or two of whom had guns, entered the home by force and held the occupants at bay while they searched the house and robbed the occupants of approximately seven hundred dollars in cash plus several other objects. This robbery was one of a series in the area.

Two of the individuals involved were subsequently arrested

and later pleaded guilty to this robbery. These individuals, Lawrence Townsend and Jerry Giles, also allegedly made written statements which implicated the defendant in the robbery. Consequently, the defendant was indicted on May 30, 1965, and, after extradition from Birmingham, Alabama, was arraigned on March 8, 1966. After a plea of not guilty he was tried and convicted on both counts of armed robbery. Thereupon, he filed an appeal to this court.

The assignments of error of the defendant, appellant herein, are as follows:

1. The court erred in using prior inconsistent statements of witnesses, made outside of court, but not in the presence of the appellant, and not under oath, as substantive evidence upon which to base its verdict.

2. The court erred in giving weight to the oral confession made by the appellant without benefit of counsel.

With regard to assignment of error number 1, during the prosecution's case in chief one of the participants in the robbery, Lawrence Townsend, was called as a witness. However, in his testimony, he denied that the defendant, Tommie Wright, had participated in the robbery in question. Thereupon, the state requested and was granted permission to cross-examine the witness regarding statements which he had signed during the time in which he was in custody and in which he had implicated the defendant in the robbery.

Similarly, another participant in the robbery, Jerry Giles, when called as a witness for the prosecution, denied that the defendant had participated in the robbery. Again, the state requested and was given permission to cross-examine the witness regarding certain written statements which he had signed during the time in which he was in custody and in which he had implicated the defendant. In each instance, even under cross-examination by the prosecutor, the two witnesses denied that the defendant was a participant in the robbery.

These prior statements of both Townsend and Giles were subsequently admitted into evidence.

In his first assignment of error the defendant contends that the trial court used these prior statements of the two witnesses, made outside of court, as substantive evidence upon which to base its verdict of guilty.

There is no question that where, to the surprise of the calling party, a witness testifies contrary to what the party had a right to expect, the party may interrogate such witness concerning his prior inconsistent statements for the purpose of refreshing his recollection. *Hurley* v. *State* (1888), 46 Ohio St. 320; 56 Ohio Jurisprudence 2d 734, Witnesses, Section 305; 4 Jones on Evidence 1773, Section 942. It is equally well settled in Ohio that any prior statement used to refresh the recollection of a witness cannot be used as substantive evidence of the facts therein recited. *State* v. *Duffy* (1938), 134 Ohio St. 16; *Mahoning National Bank of Youngstown* v. *Massachusetts Mutual Life Ins. Co.* (Mahoning County Court of Appeals, 1939), 28 Ohio Law Abs. 619, 625. In a case squarely applicable to the contention raised by defendant, *State* v. *Duffy* (1938), 134 Ohio St. 16, the Ohio Supreme Court stated in paragraph two of the syllabus:

"When taken by surprise by the adverse testimony of its own witness, an accomplice of the accused, the state may interrogate such witness concerning his prior inconsistent sworn statement, made in or out of the presence of the accused, for the purpose of refreshing the recollection of the witness, but not for the purpose of offering substantive evidence against the accused."

Therefore, if in fact the trial court did use the prior statements of Townsend and Giles as substantive evidence of the guilt of the defendant, then there can be no doubt that prejudicial error was thereby committed.

A review of the record in this case discloses that in the trial court's findings the court stated:

"The Court: Well, gentlemen, I have evaluated the testimony closely, both as it came from the stand and also the comments that you folks made, remarks on the evidence once again for the court, *and I cannot believe that these accomplices would have picked Tommie Wright's name out of the air and put him in as part of the crime with these different crimes unless he was a part of it,* and then I also believe the confession that he made to the police, and that he admits he made, and if he made a confession only because they were bugging him, then why didn't he sign the confession on the same basis, just to get rid of them, but he was too smart to sign that.

"No, I have no difficulty finding him guilty, and so find him." (Emphasis added.)

Furthermore, at the close of the prosecution's case in chief, the defense made an oral motion that the charges against the defendant be dismissed. After oral argument, the court made the following ruling:

"The Court: *I believe, in view of statements that were given to the police by these alleged accomplices*, together with the statement allegedly given by the defendant, together with the flight, together with the checking out of the places of employment the defendant allegedly gave when he was apprehended, is sufficient to satisfy the requirements of law that a prima facie case has been made against the defendant, and the motion will be overruled." (Emphasis added.)

Finally, when the first accomplice to testify, Lawrence Townsend, surprised the prosecution by denying that the defendant was involved in the robbery and the prosecutor requested permission to cross-examine the witness, the defense counsel moved to clarify the basis on which the prior statements of the accomplices would be used. He stated:

"Mr. Carson: On that basis, I would like the statements be given the witness to refresh his present recollection and have him testify on that basis, your Honor."

That request, however, was overruled by the court.

Consequently, it is manifestly apparent from the above quotations that the trial court did, in fact, use these prior statements of the alleged accomplices as substantive evidence of the guilt of the defendant in plain disregard for the rule as laid down in *State* v. *Duffy* (1938), 134 Ohio St. 16. Hence, we have no hesitancy in finding that prejudicial error was thereby committed.

In assignment of error number 2, the defendant, appellant herein, contends that the trial court erred "* * * in giving weight to the oral confession made by the appellant without benefit of counsel" during in-custody interrogation.

The trial in the instant case took place on June 7-8, 1966. Therefore, under *Johnson* v. *New Jersey* (1966), 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, only those rules enunciated in *Escobedo* v. *Illinois* (1964), 378 U. S. 478, 12 L. Ed. 2d 977, 84

S. Ct. 1758, are applicable to the questions involved herein. Those rules, as stated by the Ohio Supreme Court in paragraph three of the syllabus of *State* v. *Carder* (1966), 9 Ohio St. 2d 1, are as follows:

"Two elements of the rule in relation to in-custody interrogation prescribed by *Escobedo* are, one, the person being interrogated must request and be denied the right to consult with counsel, and, two, the interrogators must have failed to effectively warn him of his absolute constitutional right to remain silent."

A review of the facts in this case shows that when the defendant was first arrested in Alabama the officers sent by the Cleveland Police Department to return him to Ohio informed him (on March 4, 1966 in Birmingham) of his right to remain silent. Thereupon, the defendant was returned to Cleveland, and on March 6, 1966, he was interrogated by Cleveland detectives. On March 7, 1966, he was again interrogated, and at defendant's request he was scheduled to be given a lie detector test. However, prior to the administering of this test, he was interrogated by another detective, at which time he made an oral confession implicating himself in the robbery.

The contents of this oral confession were subsequently testified to, at the defendant's trial, by the interrogating detectives.

A review of the record reveals that at numerous times on March 6 and March 7, prior to the time that the oral confession was made, the defendant stated that he did not want to make a statement unless his attorney was present. However, despite these statements, at each time the interrogation continued. Finally, on March 7, 1966, the defendant made his oral confession.

The United States Supreme Court in *Escobedo* v. *Illinois* (1964), 378 U. S. 478 at 491, 12 L. Ed. 2d 977, 84 S. Ct. 1758, in summing up its decision stated that where " * * * the suspect has requested and been denied an opportunity to consult with his lawyer * * * the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' *Gideon* v. *Wainwright*, 372 U. S. [335] at 342 [9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733], and that no state-

ment elicited by the police during the interrogation may be used against him at a criminal trial.'' It would appear that this rule, as reiterated in paragraph three of the syllabus in *State* v. *Carder* (1966), 9 Ohio St. 2d 1, is directly applicable to the case at bar and that error may have been committed in allowing testimony concerning the contents of this oral confession to be introduced at the trial. However, due to our holding regarding assignment of error number 1 and due to the fact that the defendant failed to claim the benefits of the *Escobedo* rule at the trial level, it is not necessary to pass on the validity of this contention at this time.

Therefore, on the basis of the trial court's use of the prior statements of the alleged accomplices as substantive evidence of the guilt of the defendant, the judgment of the court is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

CORRIGAN, C. J., and ARTL, J., concur.