The STATE of Ohio, Appellee,

v.

TOWNSEND, Appellant.

[Cite as *State v. Townsend* (1988), 62 Ohio App.3d 411.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54630.

Decided Dec. 29, 1988.

*John T. Corrigan,* prosecuting attorney, and *Mary Haas,* for appellee. *Sanford I. Atkin,* for appellant.

NAHRA, Judge.

Ralph Townsend, appellant, is appealing his convictions of burglary (R.C. 2911.12) with an aggravated felony specification, and possession of criminal tools (R.C. 2923.24) with a violence specification. He complains he was convicted with insufficient evidence and his motion to dismiss the indictment was erroneously overruled. Since we agree that appellant was convicted with insufficient evidence, we are reversing the trial court's judgment.

On November 17, 1986, a residence on Svec Road was burglarized. The basement window was broken and a stereo and radio were unplugged but not removed. A neighbor who saw two black men approaching the house called the police. The police saw two black men running from the house but were able to capture only one, Donnell Hill. Hill told the police appellant was with him and had driven the car, which appellant owned. The police went to appellant's residence but received no response. Appellant was arrested in March 1987.

At trial to the court, Donnell Hill, who had already pled guilty to aggravated burglary and had been sentenced, gave testimony contrary to his statement to the police. Hill testified he borrowed appellant's car but said appellant was not with him when he committed the burglary. Neither the neighbor nor the police could identify appellant. Appellant filed a notice of alibi but did not put on any evidence at trial.

The court found appellant guilty and sentenced him accordingly. Appellant timely appealed.

## I

Appellant's first assigned error is that:

"The trial court committed reversible error in overruling the defendant's motion for acquital [*sic*] as the evidence presented by the state was insufficient to sustain the defendant's conviction."

■ Appellant was convicted of burglary and possession of criminal tools. These crimes were shown to have occurred, the sole issue being whether the defendant was involved. Hill's statement to the police identified appellant as the driver of the car. However, this statement could not be used as substantive evidence against appellant.

The Supreme Court of Ohio has held that:

"When taken by surprise by the adverse testimony of its own witness, an accomplice of the accused, the state may interrogate such witness concerning his prior inconsistent sworn statement, made in or out of the presence of the accused, for the purpose of refreshing the recollection of the witness, but not for the purpose of offering substantive evidence against the accused." *State v. Duffy* (1938), 134 Ohio St. 16, 17, 11 O.O. 383, 383, 15 N.E.2d 535, 536, paragraph two of the syllabus; see *State v. Diehl* (1981), 67 Ohio St.2d 389, 391, 21 O.O.3d 244, 246, 423 N.E.2d 1112, 1114; *State v. Wright* (1967), 11 Ohio App.2d 31, 40 O.O.2d 78, 227 N.E.2d 650.

This holding was reaffirmed in *State v. Dick* (1971), 27 Ohio St.2d 162, 56 O.O.2d 101, 271 N.E.2d 797, paragraph one of the syllabus, where the Ohio Supreme Court stated that "[a]n extra-judicial, unsworn, signed statement of a witness which has been denied by the declarant under oath is not admissible as proof of the allegations contained therein." In *Dick*, the court reviewed the views adopted by commentators on evidence. Professor McCormick promoted the view that a witness' previous inconsistent statement should not be evidence of the facts stated because it is hearsay and because the declarant was not under oath or subject to cross-examination when the prior statement was made. *Id.* at 164, 56 O.O.2d at 102, 271 N.E.2d at 799. Professor Wigmore would permit the prior self-contradiction to be used as substantive evidence because the dangers of hearsay are alleviated when a witness testifies. *Id.* at 164–165, 56 O.O.2d at 102–103, 271 N.E.2d at 799. The Supreme Court of Ohio adopted McCormick's view and stated in *Dick* that "[t]he fact that [Dick] did not have the opportunity to cross-examine [the declarant] when the statement was made, nor during the second trial, is sufficient in itself to avoid any consideration of Wigmore's position." *Id.* at 165, 56 O.O.2d at 103, 271 N.E.2d at 799.

State jurisdictions are split on this issue, although a growing number of states are adopting Wigmore's position and are permitting prior inconsistent statements to be used as proof of the matters asserted in the statements. Annotation, Use or Admissibility of Prior Inconsistent Statements of Witness as Substantive Evidence of Facts to Which They Relate in Criminal Case— Modern State Cases (1984), 30 A.L.R.4th 414. Whether or not a trend is developing toward the adoption of Wigmore's position or whether or not this court believes Wigmore's position to be the better view is irrelevant to our disposition of this matter. We are bound by the previous decisions of the Supreme Court of Ohio which have rejected the use of prior inconsistent statements as substantive evidence.

■ The only competent evidence connecting appellant to these crimes is appellant's ownership of the automobile found near the burglarized residence. This evidence is insufficient to sustain appellant's convictions. Moreover, Hill testified that he had borrowed appellant's car in the past and that he borrowed it the day of the offense. The evidence of appellant's ownership of the car was consistent therefore with a reasonable theory of innocence and not consistent only with appellant's guilt. Accordingly, this assignment of error is sustained.

## II

Appellant's second assigned error is that:

"The trail [*sic*] court committed reveisible [*sic*] error in overruling the defendant's motion to have the indictment against him dismissed with prejudice."

■ The first indictment of appellant contained an incorrect aggravated felony specification. The state reindicted appellant on June 1, 1987, with the correct aggravated felony specification, and on August 26, 1987, moved to dismiss the first indictment. The court granted the state's motion over appellant's objection. Appellant now contends he was prejudiced by the second indictment because he had insufficient notice of the charges against him.

The reindictment of appellant, which was more in the nature of an amendment to the original indictment, did not prejudice appellant in the defense of his case. The state merely added a penalty enhancer to the indictment for purposes of sentencing. The enhancer did not change the name or identity of the crimes charged and was not an essential element of the charged offenses.

See *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199. Accordingly, this assignment of error is overruled.

## III

Appellant's remaining assigned errors are that:

"III.  The trail [*sic*] court's judgment is contrary judgment is contrary [*sic*] to law.

"IV.  The trail [*sic*] court's judgment is contrary to the weight of the evidence.

"V.  For other errors manifest upon the foce [*sic*] of the record and prejudicial to the rights of the defendant/appellant."

■ Because these assigned errors have not been argued in appellant's brief, they are being disregarded pursuant to App.R. 12(A).  See *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390; *State v. Rivers* (1977), 50 Ohio App.2d 129, 4 O.O.3d 100, 361 N.E.2d 1363.  These assignments are overruled therefore for lack of briefing.

The judgment of the trial court is reversed.

*Judgment reversed.*

MARKUS, J., concurs.

KRUPANSKY, P.J., dissents.

KRUPANSKY, Presiding Judge, dissenting.

I respectfully dissent from the majority's opinion.  The relevant facts of the case *sub judice* follow:  On November 17, 1986, a neighbor witnessed two black males exit a grey 1977 Plymouth Volare and walk by the side of the victim's house.  The witness then called the Cleveland Police.  Upon arriving at the scene, officers witnessed two black males running in the backyard of the victim's house.  Donnell Hill became caught on a fence and was apprehended, but the other suspect negotiated the fence and escaped.

After being advised of his *Miranda* rights, Hill made several inculpatory statements.  Hill also told the officers defendant Ralph Townsend was with him and that Townsend owned the 1977 Plymouth.  However, at defendant Townsend's trial, Hill, who had previously pled guilty to aggravated burglary, testified defendant was not with him at the time of the burglary and that, he, Hill borrowed defendant's automobile.

In *State v. Dick* (1971), 27 Ohio St.2d 162, 164, 56 O.O.2d 101, 102, 271 N.E.2d 797, 799, the Ohio Supreme Court accepted the view of Professor McCormick that:

"[A] previous statement of the witness, though admissible to impeach, is not evidence of the facts stated.  \* \* \*  When used for that purpose, the statement is hearsay.  Its value rests on the credit of the declarant, who was not under oath nor subject to cross-examination, when the statement was made."

The *Dick* court also noted the contrary view of Professor Wigmore, which states as follows:

"It does not follow, however, that prior self-contradictions, when admitted, are to be treated as having no *affirmative testimonial* value, and that any such credit is to be strictly denied them in the mind of the tribunal.  The only ground for doing so would be the hearsay rule.  But the theory of the hearsay rule is that an extrajudicial statement is rejected because it was made out of court by an absent person not subject to cross-examination.  \* \* \*  Here, however, by hypothesis the witness is present and subject to cross-examination.  There is ample opportunity to test him as to the basis for his former statement.  The whole purpose of the hearsay rule has been already satisfied.  Hence there is nothing to prevent the tribunal from giving such testimonial credit to the extrajudicial statement as it may seem to deserve."  (Emphasis in original.)  *Dick, supra* at 164–165, 56 O.O.2d at 102–103, 271 N.E.2d at 799.

In the case *sub judice,* Donnell Hill's prior unsworn statement to police officers should have been admissible evidence of defendant's guilt.  Since Hill testified at trial, he was available for cross-examination.  Professor Wigmore's view of prior inconsistent statements is superior to that of Professor McCormick's as accepted in *Dick, supra*.  Since it is not unheard of for the Supreme Court to reverse its prior decisions, I respectfully dissent and urge the adoption of Professor Wigmore's view on the issue of prior inconsistent statements.