LITTMAN v. HARRIS et al.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

1. APPEAL AND ERROR (§ 1195*)—RETRIAL—LAW OF THE CASE.
   Where, on retrial, the evidence is the same as it was before, the opinion of the appellate court is the law of the case.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. WITNESSES (§ 324*)—CONTRADICTIONS.
   Where defendant was called as a witness by plaintiff, plaintiff was not bound by her explanation of the transaction, where there were many contradictions between her testimony on the first and second trials.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1097; Dec. Dig. § 324.*]

3. CORPORATIONS (§ 548*)—FRAUDULENT CONVEYANCES—PROPERTY OF CORPORATION.
   Where a person in substantial control of a corporation resigns his office, disposes of his holdings of stock, and then acquires by transfer to himself all of the corporate assets, he has the burden of proving that every step in the transaction was unobjectionable, and that the corporate creditors were not injured.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2182–2186; Dec. Dig. § 548.*]

Appeal from Special Term, New York County.

Action by Morris Littman against Frances A. Harris and others. From a judgment for plaintiff, defendant Harris appeals. Affirmed.

The following is the opinion of Giegerich, J., at Special Term:

[1] It was held by the Appellate Division upon the appeal from the judgment rendered after the first trial that the facts then adduced in support of the plaintiff's case were sufficient to cast upon the defendant Harris the burden of establishing the bona fides of the transfers to her. Littmann v. Harris, 148 App. Div. 31, 131 N. Y. Supp. 1006. The same ruling must equally be held to apply to the present record, unless in the course of her examination and cross-examination as a witness for the plaintiff the suspicious features of the case were sufficiently explained to relieve her from the necessity of offering testimony on her own behalf; for none of any consequence was offered by her after the close of the plaintiff's case. Upon this point, after comparing the evidence on the present trial with the summary of the evidence contained in the opinion of the Appellate Division, my conclusion is that the defendant Harris is not in any materially better position than she was on the first trial.

[2] There are too many contradictions between her testimony on this and on former occasions, and the absence of books, records, and documentary evidence covering the period when the transfers were made is too suspicious a circumstance, to permit the acceptance of her attempted explanations as satisfactory evidence; and the plaintiff was not bound by her explanations. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515.

[3] When a person in substantial control of a corporation resigns his office, rids himself of his holdings of stock, and then acquires by transfer to himself all the assets of the corporation, he must at least take care to provide himself with, and to preserve, the clearest possible evidence that every step in the transaction was unobjectionable, and that creditors were not injured. The defendant Harris has failed to sustain, in this respect, the burden which the circumstances of the case cast upon her, and there must be judgment for the plaintiff for the amount of his former judgment, with in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terest, and with the costs of this action. Murtha v. Curley, 90 N. Y. 372; Decker v. Decker, 108 N. Y. 128, 15 N. E. 307.

Submit, with proof of service, proposed findings and judgment in accordance with these views.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, DOWLING, and HOTCHKISS, JJ.

C. Goldzier, of New York City, for appellant.
W. F. Severance, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Giegerich, J. Order filed.

---

## BURNSTINE v. BURNSTINE.

(Supreme Court, Appellate Division, First Department. June 20, 1913.)

APPEAL AND ERROR (§ 876*)—QUESTIONS REVIEWABLE—APPEALS FROM ORDERS.
    A judgment can only be corrected on appeal from the judgment, and not on appeal from an order denying a motion to resettle it.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3549–3559; Dec. Dig. § 876.*]

Appeal from Special Term, New York County.

Action by Aurelia M. Burnstine against Nathan Burnstine. From an order denying a motion for resettlement of findings and judgment, and from an order denying motion for reargument, defendant appeals. Order denying motion for reargument affirmed, and order denying motion for resettlement modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Wales F. Severance, of New York City, for appellant.
Charles Strauss, of New York City, for respondent.

PER CURIAM. The order denying motion for reargument is affirmed. The order denying motion for resettlement is modified, by striking out the provision of the judgment that it was entered on motion of the defendant's attorney, and, as so modified, affirmed, without costs, on the ground that the judgment can be corrected on appeal from the judgment, and not on appeal from an order denying a motion to resettle it.

---

## HARRIS v. RASKIN et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. PRINCIPAL AND AGENT (§ 122*)—AGENCY—STATEMENTS OF AGENT.
    The authority of an agent to bind his principal by a lease of real property cannot be established by admissions of the agent.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 416–419; Dec. Dig. § 122.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes