HAWLEY, APPELLEE, *v.* RITLEY, APPELLANT, ET AL.

[Cite as Hawley *v.* Ritley (1988), 35 Ohio St. 3d 157.]

(No. 86-1992—Decided February 17, 1988.)

158

*Alan L. Melamed Co., L.P.A.,* and *Alan L. Melamed,* for appellee.

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A., Donald M. Robiner* and *Paul F. Levin,* for appellant.

*Per Curiam.* The determinative issue presented in this appeal is whether the trial court, on remand, acted beyond the scope of the decision and mandate rendered by the first reviewing court of appeals. While we view the cause *sub judice* as presenting a close question, we believe that the court of appeals below correctly applied the "law of the case" doctrine in reversing the jury verdict and judgment awarded by the trial court on remand. Accordingly, for the reasons that follow, we affirm the judgment of the court of appeals.

Appellant Ritley raises many arguments urging a reversal of the court of appeals' decision: that the first reviewing appellate court did not comply with App. R. 12(A) and the first trial court's judgment was reversed *in toto;* that the ruling on the sixth assignment of error was not a ruling on the merits;

that the matter set forth in the sixth assignment of error was in fact briefed (albeit in the reply brief) and argued; that some of the counterclaims determined on remand were new, supplemental or did not ripen until after the first appeal; and that the court of appeals' actions amount to an abuse of discretion.

In the first appeal, the appellate court relied on App. R. 12(A)[1] in overruling appellant's sixth assignment of error which related to counterclaims that the first trial court apparently denied when it "merged" such counterclaims into final judgment adverse to appellant's interests. In our view, the court of appeals acted well within its discretion in overruling or disregarding the sixth assignment of error because given the lack of briefing on this assigned error, the plain language of the rule in question permits such a disposition. As this court stated on a prior occasion, "[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher* v. *Baltimore & Ohio Rd. Co.* (1933), 127 Ohio St. 351, 356, 188 N.E. 553, 555.

Similarly, we are not persuaded by appellant's arguments that the first appellate panel reversed the trial court's judgment *in toto,* or that the disposition rendered on the sixth assignment of error was not a decision on the merits. We believe that if the first reviewing court of appeals intended its decision to be a reversal *in toto* of the trial court's judgment, then the appellate court should have found the sixth assignment of error to be moot based on its reversal of the first trial court's rescission order. However, the court of appeals did not find the sixth assign-

ment of error to be moot, even though it found appellant's seventh assignment of error to be moot based on its decision concerning the other assignments of error. In any event, consistent with the discretion vested in the court of appeals pursuant to App. R. 12(A), we find that the first court of appeals' finding of the sixth assignment of error to be "not well taken for lack of briefing support" was indeed a decision determined on the merits inasmuch as it was a final adjudication of the counterclaims issue.

It is further alleged by appellant that contrary to the appellate court's opinion, the sixth assignment of error was in fact briefed in the reply brief and argued before the court of appeals on oral argument. While we do not doubt counsel for appellant's word as a professional (as was given on oral argument) that such was the case, we find nothing in the record that compels a finding of an abuse of discretion on the part of the court of appeals at this late stage in the proceedings.

Since the term "abuse of discretion" connotes that the court's attitude was either unreasonable, arbitrary or unconscionable, we are constrained from characterizing the trial court's behavior as such. See, *e.g., Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140.

Assuming, *arguendo,* that the first court of appeals did in fact abuse its discretion in ruling on appellant's sixth assignment of error as it did, the glaring fact remains that the appellant failed to further appeal the first court of appeals' decision on the counterclaims issue before this court when he had a full and fair opportunity to do so. The proper time for appellant to have

---

[1] App. R. 12(A) provides in pertinent part:

"* * * Errors not specifically pointed out in the record and separately argued by brief may be disregarded. All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."

assailed the action of the first appellate court in dismissing the sixth assignment of error was immediately following the denial of the motion for reconsideration by the court of appeals. Given such a state of circumstances, we cannot find that appellant was denied his rights to due process during the course of these proceedings. Since appellant chose not to appeal the first appellate court's disposition on the assignment of error concerning the counterclaims, such a disposition *ipso facto* became the "law of the case," and the appellant must endure the consequences of not appealing that decision.

The "law of the case" doctrine was succinctly explained by this court in *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1, 3-4, 11 OBR 1, 2-3, 462 N.E. 2d 410, 412-413, as follows:

"Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Gohman* v. *St. Bernard* (1924), 111 Ohio St. 726, 730, reversed on other grounds *New York Life Ins. Co.* v. *Hosbrook* (1935), 130 Ohio St. 101 [3 O.O. 138]; *Gottfried* v. *Yocum* (App. 1953), 72 Ohio Law Abs. 343, 345.

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Gohman, supra,* at 730-731. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. See *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 32 [13 O.O. 3d 17].

"In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. See, *e.g., State, ex rel. Special Prosecutors,* v. *Judges* (1978), 55 Ohio St. 2d 94 [9 O.O. 3d 88]; *Charles A. Burton, Inc.* v. *Durkee* (1954), 162 Ohio St. 433 [55 O.O. 247]; *Schmelzer* v. *Farrar* (1976), 48 Ohio App. 2d 210, 212 [2 O.O. 3d 178]; *Miller* v. *Miller* (1960), 114 Ohio App. 235 [19 O.O. 2d 108]. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. See, generally, *Thomas* v. *Viering* (App. 1934), 18 Ohio Law Abs. 343, 344; *Loyer* v. *Kessler* (App. 1925), 3 Ohio Law Abs. 396. For additional authorities, see *Williams* v. *Board of Trustees* (1924), 210 App. Div. 161, 205 N.Y. Supp. 742; *Littmann* v. *Harris* (1913), 157 App. Div. 909, 142 N.Y. Supp. 341. Moreover, the trial court is without authority to extend or vary the mandate given. *Briggs* v. *Pennsylvania RR. Co.* (1948), 334 U.S. 304, 306; *United States* v. *Pink* (S. Ct. 1942), 36 N.Y. Supp. 2d 961, 965; *Hampton* v. *Superior Court* (1952), 38 Cal. 2d 652, 655, 242 P. 2d 1; *In re Estate of Baird* (1924), 193 Cal. 225, 258, 223 P. 974; *Puritan Leasing Co.* v. *Superior Court* (1977), 76 Cal. App. 3d 140, 147, 142 Cal. Rptr. 676."

We believe that imposition of the law of the case doctrine is appropriate in the cause *sub judice* for the same justifications enunciated in *Nolan, supra.* In our view, affirmance of the decision of the court of appeals below by applying the doctrine does not achieve an unjust result. The appellant here obtained the property in issue by virtue of the fact that appellee was not entitled to a rescission of the purchase agreement. While appellant did not obtain the full and complete redress he sought through his counterclaims, we do not believe that he has been dealt an

injustice under the facts and circumstances of this case.

Lastly, appellant contends that even if the law of the case doctrine is applicable herein, the trial court on remand acted properly in permitting a trial on new issues raised by supplemental counterclaims which did not arise until after the filing of the original complaint. In our view, appellant's arguments in this vein are unmeritorious. While it may be argued that appellant's abuse of process and malicious prosecution claims did not ripen until sometime after the filing of the original complaint, the record before us is devoid of the necessary elements of arrest of the person or seizure of property. See *Crawford* v. *Euclid Natl. Bank* (1985), 19 Ohio St. 3d 135, 19 OBR 341, 483 N.E. 2d 1168. There is, therefore, no basis for a claim of malicious prosecution or abuse of process. With regard to the counterclaims relating to breach of warranty and breach of contract, the latter upon which appellant gained a jury verdict on remand before the trial court, we believe it is clear that the issues raised by these counterclaims did not arise subsequent to the filing of the original complaint; rather, such counterclaims were a basis for appellant's sixth assignment of error in the first appeal.

Based on the foregoing, we hold that the trial court exceeded the scope of its remand from the court of appeals in the first appellate review of this cause. Therefore, the judgment of the court of appeals below is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

WRIGHT, J., concurs in judgment only.

DOUGLAS and H. BROWN, JJ., dissent.