Ratmir V. Timashev, defendant-appellant, appeals his conviction entered upon a jury verdict in the Franklin County Municipal Court for operating a motor vehicle while under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug abuse, a violation of Columbus City Code Section 2133.01(A) (hereinafter "C.C.C. Section 2133.01[A]").
On February 27, 1998, at approximately 6:00 p.m., appellant took one painkiller pill, which had been prescribed by his dentist two to three months earlier for relief of pain associated with dental work. Appellant testified that he did not know the name of the painkiller. At approximately 7:00 p.m., appellant and a friend went to a party. Appellant and his friend both testified that appellant did not drink any alcoholic beverages at the party. At approximately 11:00 or 11:30 p.m., appellant and his friend went to The Red Zone, a bar on Front Street in Columbus, Ohio. Appellant testified that he drank one bottle of Heineken beer while at The Red Zone.
After leaving the bar, appellant and his friend were travelling north on North High Street. Columbus Police Sergeant Stephen Hope testified that appellant was weaving in and out of his lane of traffic. Sergeant Hope testified that when appellant reached the intersection of North High Street and 11th Avenue, pedestrians were walking across the crosswalk, and appellant failed to yield the right-of-way to the pedestrians.
Appellant testified that he was stopped by Sergeant Hope and was told that he had failed to yield to the pedestrians. Sergeant Hope stated that he smelled a strong odor of alcohol coming from the vehicle and noticed appellant had glassy eyes. Appellant was asked by assisting officers to step out of his vehicle and to perform field sobriety tests. Sergeant Hope testified that, based upon his observations of the field sobriety tests, appellant was under the influence. Officer Thomas Sandford then placed appellant under arrest and transported him to the police station. While at the police station, appellant was asked whether he was taking any medication, which he indicated that he was. Appellant refused to take a breathalyzer test, stating to Officer Sandford that he did not trust the results.
On May 11, 1998, a jury found appellant guilty of operating a motor vehicle while under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse in violation of C.C.C. Section 2133.01(A). Appellant appeals his conviction and presents the following two assignments of error:
 "[1.] The trial court erred to the prejudice of the appellant when it ruled as a matter of law that appellant's unknown medication was a drug of abuse.
 "[2.] The trial court erred to the prejudice of the appellant when it denied appellant's motion for the judgement [sic] of acquittal on the charge of operating a motor vehicle under the influence of drugs of abuse."
Appellant argues in his first assignment of error that the trial court erred when it ruled that appellant's medication was a drug of abuse. We disagree. C.C.C. Section 2133.01(e) provides that for the purposes of Section 2133.01, "drug of abuse" has the same meaning as that term is defined in R.C.3719.011 (A). R.C. 3719.011 (A) defines a "drug of abuse" as "any controlled substance as defined in section 3719.01 of the Revised Code, any harmful intoxicant as defined in section2925.01 of the Revised Code, and any dangerous drug as defined in section 4729.02 of the Revised Code." Both parties agree that in the present case the dispositive issue is whether the unknown medication was a "dangerous drug" as defined by R.C.4729.02.
R.C. 4729.02(D) provides:
"(D) 'Dangerous drug' means any of the following:
 (1) Any drug to which either of the following applies:
 (a) Under the 'Federal Food, Drug, and Cosmetic Act' is required to bear a label containing the legend 'Caution: Federal law prohibits dispensing without prescription' or 'Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian' or any similar restrictive statement, or [the drug] may be dispensed only upon a prescription;
 (b) Under Chapter 3715. or 3719. of the Revised Code, [the drug] may be dispensed only upon a prescription;
 (2) Any drug that contains a schedule V controlled substance and that is exempt from Chapter 3719. of the Revised Code or to which that chapter does not apply;
 (3) Any drug intended for administration by injection into the human body other than through a natural orifice of the human body."
A review of the record in this case reveals no testimony or evidence as to whether the substance in question (1) was required to bear a label similar to those described in R.C.4729.02(D)(1)(a) above; (2) contained a schedule V controlled substance and was exempt from R.C. Chapter 3719 was a drug to which that chapter does not apply; or (3) was intended for administration by injection into the human body other than through a natural orifice of the human body. Therefore, under the present facts, the substance in question can only be termed a "dangerous drug" if under R.C. Chapter 3715 or 3719 the substance can be said to be "dispensed only upon a prescription" pursuant to R.C. 4729.02(D)(1)(b).
Appellant asserts that the trial court could not find that the unknown substance could be "dispensed only upon a prescription" because no evidence was presented that the substance was a "prescription" as defined under R.C. 4729.02(G) and (H). R.C. 4729.02(G) defines a "prescription" as an order for drugs written or signed by a practitioner and recorded by the pharmacist. R.C. 4729.02(H) defines a "practitioner" as one who is licensed under the Ohio Revised Code and authorized by law to write prescriptions for drugs or dangerous drugs. Thus, appellant argues that his medication could not be found to be a "prescription" because there was no evidence that his dentist was licensed and authorized by law to write prescriptions and no evidence that the order was recorded by the pharmacist. We disagree.
Appellant specifically testified twice that he was taking a painkiller that his dentist "prescribed" for him. Counsel for appellant also used the term "prescribed" in questioning appellant regarding the medication. Further, appellant specifically identified his dentist, Dr. Pushkin, as the doctor who had prescribed the painkiller. Appellant also stated that he had two separate prescriptions for the medication filled at a pharmacy. When filling the prescription, appellant gave a piece of paper from his dentist to the pharmacist. Appellant testified that he had to wait five or ten minutes so that the pharmacist could fill the prescription. Thus, appellant's testimony indicated that the piece of paper he took to the pharmacy was an order for drugs given to him by a doctor. Appellant's testimony also established that he gave the piece of paper to a pharmacist, who filled the prescription for him. Given the testimony in this case, we find that the unknown substance was a "prescription" for the purposes of R.C.4729.02(D), in that it was an order for drugs written or signed by a practitioner and recorded by a pharmacist.
Appellant also asserts that there was no evidence presented that the medication may be dispensed upon a prescription only. We disagree. Appellant testified that the medication was a painkiller prescribed by his dentist. Appellant stated that his dentist gave him a piece of paper, which appellant had to take to a pharmacist. The pharmacist did not direct appellant to a store shelf where he could retrieve the medication. Rather, after taking the piece of paper from appellant, the pharmacist told appellant that it would be five or ten minutes until he could fill the prescription. The bottle that the pharmacist gave appellant was a generic bottle with a white lid on it. Further, appellant stated that he had to return to his doctor for a second prescription, which he also had to have filled at a pharmacy. Thus, the testimony of appellant indicates that he could only obtain the medication pursuant to a prescription by his dentist. Particularly indicative is that appellant had to obtain a second prescription for the medication from his doctor and could not simply return to the pharmacy on his own to obtain the painkiller. Further, appellant's testimony that the pharmacist told him that it would take five or ten minutes to fill the prescription also indicates that the medication was not an over-the-counter drug.
It is well established that an element of an offense may be established by direct evidence, circumstantial evidence, or both. State v. Durr (1991), 58 Ohio St.3d 86, 92. Further, circumstantial evidence and direct evidence inherently possess the same probative value, and in some instances certain facts can only be established by circumstantial evidence. State v.Jenks (1991), 61 Ohio St.3d 259, 272. In the present case, although the evidence presented represents circumstantial evidence that appellant's medication was available by prescription only, direct evidence as to the identity of the medication was unavailable because appellant testified on numerous occasions that he did not remember the name of the medication. Given appellant's testimony as to the circumstances surrounding his obtaining the medication, we find that, under the circumstances of this case, the trial court did not err as a matter of law in its determination that the medication taken by appellant on the evening of February 27, 1998, was a drug of abuse for the purposes of C.C.C. Section 2133.01(A). Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred when it denied his motion for judgment of acquittal on the charge of operating a motor vehicle under the influence of a drug of abuse. However, appellant presents no argument in his brief as to his second assignment of error. Appellant's only mention of his second assignment of error in his merit brief is one sentence in his conclusion, which reiterates the same conclusory language used in the second assignment of error itself.
App. R. 12(A)(2) provides:
 "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."
App. R. 16(A)(7) states that appellant shall include in its brief:
 "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
An appellate court may rely upon App. R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley (1988),35 Ohio St.3d 157, 159. It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. Accordingly, appellant's second assignment of error is overruled based upon App. R. 12(A)(2).
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed
BOWMAN and DESHLER, JJ., concur.