[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After a bench trial in Hamilton County Municipal Court, defendant-appellant Jean Hall was convicted of menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree. On appeal, Hall raises three assignments of error.
In the first assignment of error, Hall claims that her conviction for menacing was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546; Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
R.C. 2903.22 reads in part,
 (A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family.
The record shows the events and the reactions of the parties to those events of September 19, 1999, were in dispute. But, the trier of fact was in the best position to assess the credibility of the witnesses presented at trial, as well as to determine the weight to be afforded the evidence offered. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The victim and Vonciel Lee testified that the victim was at Lee's home to watch a professional boxing match. While there, the victim testified, she went out to her car to retrieve some diapers that her daughter needed. She turned after closing the car door to find Hall standing in front of her and screaming at her, "I'm going to kill you." The victim testified that Hall started towards her. Hall was holding up some baby clothes that belonged to the victim's daughter. Hall told the victim, "When you get home, bitch, I'm going to have something waiting for you." The victim returned to her home early the next morning, rather than that evening, because she was afraid to return home alone.
Kenneth Lee testified that he asked Hall to leave, but when Hall saw the victim, Lee heard Hall say that she's "[g]oing to kick her ass. She's going to get hers and everything." Lee testified that somebody then called the police. A reasonable factfinder could have concluded based on the victim's testimony, as well as that of Kenneth Lee, that Hall knowingly caused the victim to believe her threat and genuinely fear for her safety. The first assignment of error is overruled.
In Hall's second and third assignments of error, Hall claims that the trial court abused its discretion by disallowing the introduction of physical evidence for purposes of impeachment and by entering a conviction that was contrary to law due to conversations with a witness outside the courtroom.
App.R. 12(A)(2) states,
 (2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error in the brief, as required under App.R. 16(A).
 See State v. Watson (1998), 126 Ohio App.3d 316, 710 N.E.2d 340.
App.R. 16(A) states in pertinent part,
The appellant shall include in its brief * * * all of the following:
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
The second and third assignments of error are included in Hall's brief in an attached Exhibit B. No argument, with citations to authorities, is included for either assignment of error, although a transcript page reference is included for the second assignment of error. An appellate court may rely upon App.R.12(A) in overruling or disregarding an assignment of error because of the lack of appropriate briefing. SeeHawley v. Ritley (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392;Watson, supra. Given the lack of appropriate briefing and the plain language of App.R. 16(A)(7), the second and third assignments of error are overruled based upon App.R. 12(A)(2).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.