[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Amy Hack was charged in a five-count indictment with one count of robbery, one count of theft, one count of theft of a motor vehicle, and two counts of kidnapping. On July 24, 2000, Hack withdrew her pleas of not guilty and entered pleas of no contest to all of the charges. The trial court accepted the pleas and found Hack guilty on all five counts. On September 15, 2000, the trial court imposed a sentence of confinement of five years for robbery to be served concurrently with sentences of confinement of five years each for theft, theft of a motor vehicle, and the two counts of kidnapping.[1]
On appeal from the judgment of convictions, Hack advances one assignment of error in which she contends that the trial court erred in entering convictions for both kidnapping offenses. Hack contends that the kidnapping charges under R.C. 2905.01(A)(2) and R.C. 2905.01(B)(2) involved allied offenses of similar import within the meaning of R.C.2941.25 and should have been merged for sentencing purposes. We disagree.
Two offenses are allied if their elements correspond to such a degree that the commission of one offense will result in the commission of the other.[2] A comparison of the elements should be performed in the abstract, without reference to the facts of the particular case.[3]
Thus, where one offense requires proof of an element that the other offense does not, the offenses are not allied.
 Hack was convicted of two counts of kidnapping. The first count was pursuant to R.C. 2905.01(A)(2), which states,
 No person, by force, threat, or deception, * * * by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
 (2) To facilitate the commission of any felony or flight thereafter[.]
 The second count of kidnapping was pursuant to R.C. 2905.01(B)(2), which states,
 No person, by force, threat, or deception, * * * by any means shall knowingly do any of the following, under circumstances which create a substantial risk of serious physical harm to the victim:
(2) Restrain another of his liberty[.]
In comparing the elements of the charged offenses in the abstract, we hold that kidnapping under R.C. 2905.01(A)(2) and kidnapping under R.C.2905.01(B)(2) are not allied offenses. One may restrain another by force, threat, or deception for the purpose of facilitating the commission of a felony without creating a substantial risk of serious physical harm to the victim. Conversely, one may create a substantial risk of serious physical harm by restraining another of his liberty without facilitating the commission of a felony. Thus, when the elements are viewed in the abstract, the offenses are not allied because the commission of one will not automatically result in the commission of the other. As a result, the trial court did not err in failing to merge the two offenses for sentencing purposes. We, therefore, overrule Hack's first assignment of error.
In addition to raising the one assignment of error, Hack's appellate counsel has appended another pro se assignment of error as "Exhibit B" to the brief. In the pro se assignment of error, Hack argues that the juvenile court abused its discretion in relinquishing jurisdiction to the Hamilton County Court of Common Pleas. We decline to review this assignment because it does not comply with the Rules of Appellate Procedure.
App.R. 16(A)(7) states that the appellant shall include the following in the brief:
 An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 Hack has failed to comply with App.R. 16(A) because she has not presented any reasons to support her pro se assignment of error. According to App.R. 12(A)(2),
 [T]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required under App.R. 16(A).
 An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of a "lack of briefing."[4] It is appellant's duty, not this court's, to set forth an argument in support of an assignment of error.
Because Hack's pro se assignment of error is appended as an exhibit to her brief, has no argument supporting its contentions, and has no citations to the authorities, statutes, or parts of the record relied on, we hold that Hack has failed to comply with App.R. 16(A). Accordingly, we decline to review this assignment under App.R. 12(A)(2). As a result, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] Although counsel has not raised this issue, we note a discrepancy between the trial court's sentencing entry and the transcript from the sentencing hearing as to Hack's sentence on count four, theft under R.C.2913.02(A)(1), and count five, theft of a motor vehicle under 2913.02(A)(1). While the trial court stated in the transcript that it was sentencing Hack to twelve months' confinement on count four, the theft conviction, and to eighteen months' confinement on count five, the theft-of-a-motor-vehicle conviction, the trial court's sentencing entry provides for five years' confinement on each count.
[2] See State v. Blankenship (1988), 38 Ohio St.3d 116, 117,526 N.E.2d 816, 817.
[3] See State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, syllabus.
[4] Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390,392.