JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant, Ruby Stallworth ("Plaintiff"), appeals from the trial court's finding in favor of the Defendant-Appellee, Rosa Linda DeMore Brown ("Defendant"). For the reasons set forth below, we affirm.
 {¶ 2} The Plaintiff commenced this action against Defendant on July 25, 2003 alleging breach of contract.
 {¶ 3} More specifically, Plaintiff maintains that she entered into a learning contract with Defendant and that Defendant failed to perform under the contract.
 {¶ 4} During the course of the litigation, Plaintiff filed two motions for summary of judgment, both of which the trial court denied. Additionally, prior to the trial, Plaintiff filed a motion for limine to exclude the testimony of Defendant's witnesses or affidavits, which the trial court denied.
 {¶ 5} The trial of this matter commenced on April 4, 2005 with both parties waiving their right to a jury trial. At trial, Plaintiff testified on her own behalf and also presented the testimony of her son. Additionally, she submitted a number of affidavits, correspondence, as well as a copy of a "Field Student Learning Contract" into evidence. The Defendant testified on her own behalf and admitted into evidence a copy of the Plaintiff's weekly logs summarizing her participation at the Hough Community Council. Subsequently, each party rested their case.
 {¶ 6} On April 7, 2005, the trial court found that Plaintiff failed to prove that a valid contract existed between the Plaintiff and Defendant. It is from the trial court's finding in favor of the Defendant that Plaintiff now appeals.
 {¶ 7} Plaintiff's sole assignment of error states:
 {¶ 8} "Judge Donnelly was in error, in his ruling concerning, the bilateral learning contract that Plaintiff Ruby Stallworth, and Rosa Linda Demore Brown signed, plaintiff signed as an intern, defendant, as an instructor."
 {¶ 9} In her only assignment of error, Plaintiff generally asserts that the trial court erred when it found that Plaintiff failed to prove that a valid contract existed between the Plaintiff and Defendant. However, in her brief, Plaintiff fails to cite to any legal authority or to any specific portion of the record to support her assertions.
 {¶ 10} An appellate court may overrule or disregard an assignment of error presented for review due to a "lack of briefing" on that assignment of error. State v. Watson (1998),126 Ohio App.3d 316, 321, 710 N.E.2d 340, quoting Hawley v.Ritley (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390. App.R. 12(A)(2) provides:
 {¶ 11} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 12} According to App.R. 16(A)(7), an appellant must include in its brief, the following:
 {¶ 13} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 14} In the instant action, Plaintiff failed to comply with App.R. 16(A) as she failed to provide any legal authority or refer to any relevant portions of the record in support of her contentions. Accordingly, as an appellant "bears the burden of affirmatively demonstrating error on appeal," this court must overrule Plaintiff's sole assignment of error pursuant to App.R. 12(A)(2). Concord Twp. Trustees v. Hazelwood Builders (Mar. 23, 2001) Lake App. No. 2000-L-040.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Blackmon, J., Concur.