[Cite as *State v. Johnson*, 2014-Ohio-5409.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 14-CA-59 |
| JAMES W. JOHNSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal
                              Court, Case Nos. 14-TRD-01194 and
                              14-CRB-00265

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       December 4, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant


MARK D. GARDNER                       JAMES W. JOHNSON, PRO SE
Hebron Prosecutor                     9128 Mt. Vernon Road
23 South Park Place, Ste. 208         St. Louisville, Ohio 43071
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant James W. Johnson appeals the judgment entered by the Licking County Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} Pursuant to a traffic citation served on February 9, 2014, Appellant was cited with the offense of driving under a license forfeiture suspension, in violation of R.C. 4510.11; failure to display license, in violation of R.C. 4507.35; and obstructing official business, in violation of R.C. 2921.31. A criminal complaint charging Appellant with the offenses was filed on February 10, 2014.

{¶3} Appellant entered a plea of not guilty to the charges. Appellant challenged the trial court's personal and subject matter jurisdiction. The trial court overruled the jurisdictional challenges on February 18, 2014.

{¶4} On March 7, 2014, a motion to consolidate the traffic and criminal cases was filed. The trial court granted the motion.

{¶5} A trial to the court was held on March 7, 2014. At the trial, Officer Keith Loughry testified he observed Appellant operating a vehicle in the Village of Hebron on February 9, 2014. Upon running the license plate number of the vehicle, Officer Loughry found the owner of the vehicle was under suspension. The officer initiated a stop. Appellant admitted to the officer he was operating under a suspended license, and refused to provide the officer with his license or other identifying information.

{¶6} Officer Loughry informed Appellant he could not drive away from the scene, and Appellant refused to exit the vehicle. Officer Loughry called for other law

enforcement agencies, and over one and one-half hours later Appellant was finally removed from the vehicle.

{¶7} Officer Farmer and State Trooper Eitel also testified to the events.

{¶8} Following the presentation of evidence, the trial court convicted Appellant of driving under a suspended license, failure to display a license and obstructing official business.

{¶9} Appellant filed a pro se appeal.

{¶10} Upon review of the Appellant's filing titled "THE STATE OF OHIO FIFTH CIRCUIT COURT OF APPEALS AN ADMIRALTY/MARITIME TRIBUNAL" in this matter, we find Appellant's brief not to be in compliance with the Appellate Rules.

{¶11} Ohio Rule of Appellate Procedure 16 requires:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected.*

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

Ohio Appellate Rule 12 reads:

(A) Determination

" * * *

(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

{¶12} Compliance with the above-stated rules is mandatory. An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Henry v. Gastaldo,* 5th Dist. No.2005–AP–03–0022, 2005–Ohio–4109, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393; *State v. Watson* (1998) 126 Ohio App.3d, 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413, 694 N .E.2d 75.

**{¶13}** The document filed herein purporting to represent Appellant's brief does not comply in any substantial fashion whatsoever with the Ohio Rules of Appellate Procedure and the Local Rules of the Fifth Appellate Judicial District.

**{¶14}** Appellant's brief fails to set forth any separate assignments of error; instead, it contains what we find to be a rather disjointed statement, with mention of topics ranging from international commerce, maritime law, estate trust/probate court, bankruptcy act, en legis trust name, nanny robot, Uniform Commercial Code, judicial misconduct, malicious prosecution, and false arrest/imprisonment to malum prohibition. The brief disjunctively enumerates facts and allegations. Appellant further fails to set forth any coherent rationale in support of the arguments, nor does he cite to those parts of the record relating to the arguments.

**{¶15}** This Court will not assume the role of advocate for appellants in attempting to organize and prosecute the arguments on appeal. Recently, this Court observed in *Musleve v. Musleve* 5th Dist. No.2007CA00314, 2008–Ohio–3961, "It is not a function of this Court to construct a foundation for claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal."

**{¶16}** Appellants' failure to comply with Ohio Appellate Rule 16 is tantamount to failing to file a brief in this matter. "Errors not specifically pointed out in the record and separately argued by brief may be disregarded." *Id.*

**{¶17}** For the foregoing reason, we order the appeal of the judgment of the Licking County Municipal Court be dismissed for want of prosecution.

By: Hoffman, P.J.

Gwin, J.  and

Farmer, J. concur