[Cite as *Schwamb v. Eckard*, 2021-Ohio-2825.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JENNIFER L. SCHWAMB | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 00084 |
| MATTHEW L. ECKARD | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:        Appeal from the Licking County Court of
                                 Common Pleas, Domestic Relations
                                 Division, Case No. 2020 DR 00617

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          August 12, 2021

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JENNIFER L. SCHWAMB                   MATTHEW L. ECKARD
161 S. 36th Street                   5560 Chestnut Hills Road
Newark, Ohio 43055                   Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Jennifer L. Schwamb appeals the December 3, 2020 Judgment Entry - Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division, which granted a divorce to her and defendant-appellee Matthew L. Eckard[1] and divided the parties' marital assets and debts.

## STATEMENT OF THE CASE

**{¶2}** Appellant and Appellee were married on October 3, 2013. No children were born as issue of the marriage, however, the parties each have children from prior relationships. The parties purchased the marital residence in September, 2016. Appellant and Appellee physically separated on May 26, 2017. Appellant remained in the residence and Appellee moved into an apartment.

**{¶3}** Appellant filed a complaint for divorce on June 26, 2020. Appellee filed an answer, but did not file a counterclaim for divorce. The trial court conducted a hearing on November 16, 2020.

**{¶4}** The parties disputed the duration of the marriage, each presenting conflicting testimony as to the events prompting Appellee's departure from the marital residence and the parties' behaviors toward one another subsequent thereto. The parties also disputed the marital and separate contributions made toward the marital residence and the upkeep thereof.

**{¶5}** Via Judgment Entry – Decree of Divorce filed December 3, 2020, the trial court granted the parties a divorce. The trial court found "[t]he period of 'during the marriage' of the parties. . . [was]. . . the dates of October 3, 2013, through the date of the

---

[1] Appellee has not filed a brief in this Appeal. Appellee did, however, write a letter to this Court, which was filed on April 26, 2021, indicating his support of the trial court's judgment.

final hearing, being November 9, 2020 [sic]." *Id.* at 8. The trial court also found Appellant contributed $3,759.03 of her separate property toward the marital residence. The trial court determined the property was comprised of 92% marital property and 8% separate property. The trial court awarded Appellant one-half of the marital equity and the full amount it found to be her separate property.

{¶6} It is from the December 3, 2020 Judgment Entry – Decree of Divorce Appellant prosecutes this appeal.

{¶7} We begin by noting Appellant has failed to comply with App. R. 16, which provides:

> **Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
>
> (1) A table of contents, with page references.
>
> (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
>
> (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
>
> (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
>
> (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

**{¶8}** Appellant's brief does not satisfy the requirements of App. 16(A); therefore, is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 5th Dist. Muskingum App. No. 09-CA-39, 2010-Ohio-4843, ¶ 26. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 5th Dist. Stark App. No. 2007CA00314, 2008-Ohio-3961, ¶ 21. Such deficiencies permit this court to dismiss Appellant's appeal. *State v. Darby*, 5th Dist. Richland App. No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24.

**{¶9}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). We understand Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules

of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. Richland County, Case No. 2020 CA 0005 4. Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 5th Dist. Stark App. No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, we find Appellant's noncompliance with the appellate rules is significant and her brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits", however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20, quoting *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.), appeal not allowed, 110 Ohio St.3d 1439, 2006-Ohio-3862, reconsideration denied, 111 Ohio St.3d 1418, 2006–Ohio–5083.

{¶10} Because we find Appellant's brief so completely in derogation of App.R. 16, we dismiss her appeal for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

{¶11} Assuming, arguendo, we had found Appellant's brief sufficient, upon review of the trial court's December 3, 2020 Judgment Entry – Decree of Divorce, we would not have concluded the trial court abused its discretion in its overall distribution of the parties' marital assets and debts.

{¶12}  Appellant's appeal is dismissed.


By: Hoffman, J.

Baldwin, P.J.  and

Wise, Earle, J. concur