[Cite as *Garren v. Garren*, 2023-Ohio-1960.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BEVERLY KAY GARREN

     Plaintiff-Appellee

-vs-

GEORGE A. GARREN

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Andrew J. King, J.

Case No. 2022 CA 00143

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2021 DR 00098 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 13, 2023 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| SUSAN LAX | JEFFREY HAWKINS |
| 123 South Miller Road | One Cascade Plaza |
| Suite 250 | Suite 2210 |
| Fairlawn, Ohio 44333 | Akron, Ohio 44308 |

*Wise, J.*

{¶1} Appellant George A. Garren appeals from the October 6, 2022, Judgment Entry by the Stark County Court of Common Pleas, Domestic Relations Division. Appellee is Beverly Kay Garren. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2} On June 17, 2006, Appellant and Appellee were married.

{¶3} On October 5, 2021, Appellee filed her Complaint for Divorce.

{¶4} On October 25, 2021, Appellant filed his Answer and Counterclaim for Divorce.

{¶5} On November 1, 2021, Appellee filed a Reply to Appellant's Counterclaim.

{¶6} On December 28, 2021, the trial court filed agreed temporary orders where Appellant's spousal support obligation would be $1,500 per month starting October 1, 2021.

{¶7} On July 19, 2022, the matter came before the trial court.

{¶8} At trial the only issue for the court to decide was the amount of spousal support Appellant would pay to Appellee. Appellant's income from all sources was $120,000 in 2019, $133,941 in 2020, $184,314 in 2021, and about $130,000 as of June 14, 2022. Both Appellee and Appellant acknowledged that a significant amount of the Defendant's income was based on overtime. Appellant's base salary is $66,000 per year. Appellee's income is $31,500 per year.

{¶9} On October 6, 2022, the trial court granted its Decree of Divorce ordering Appellant to pay spousal support to Appellee in the amount of $4,250 per month for fifty-two consecutive months.

**ASSIGNMENTS OF ERROR**

**{¶10}** Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

**{¶11}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AT ARRIVING AT THE DEFENDANT'S INCOME IN ORDER TO DETERMINE SPOUSAL SUPPORT.

**{¶12}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AT ARRIVING AT THE EFFECTIVE DATE OF THE DEFENDANT'S REQUIREMENT TO PAY SPOUSAL SUPPORT."

**I.**

**{¶13}** In Appellant's first Assignment of Error, Appellant argues the trial court erred in its determination of the amount of spousal support. We disagree.

**{¶14}** R.C. §3105.18(C)(1)(a) thru (n) provides factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f)      The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g)      The standard of living of the parties established during the marriage;

(h)      The relative extent of education of the parties;

(i)      The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)      The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)      The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)      The tax consequences, for each party, of an award of spousal support;

(m)      The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)      Any other factor that the court expressly finds to be relevant and equitable.

**{¶15}** A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "Although a trial court has discretion when fashioning its spousal support award, it does not have discretion to disregard the statutory mandates that control spousal support." *Palazzo v. Palazzo*, 9th Dist. Summit No. 27932, 2016-Ohio-3041, ¶21. Nonetheless, R.C. §3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. §3105.18(C)(1), *supra*, does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll*, 5th Dist. Delaware No. 2004-CAF-05035, 2004-Ohio-6710, ¶28, citing *Watkins v. Watkins*, 5th Dist. Muskingum No. CT2001-0066, 2002-Ohio-4237, ¶21 (additional citations omitted). Similarly, "[w]hen a trial court indicates that it has reviewed the appropriate statutory factors there is a strong presumption that the factors were indeed considered." *Mavity v. Mavity*, 12th Dist. Butler No. CA2000-12-244, 2002-Ohio-556.

**{¶16}** Appellant argues the trial court abused its discretion by including income earned from working overtime in its calculation of spousal support as that income is not guaranteed. However, the trial court indicated it considered all the appropriate factors. Specifically, R.C. §3105(C)(1)(a) requires the court to consider "[t]he income of the parties, **from all sources**[.]" (Emphasis added). The trial clearly showed that Appellant regularly earns overtime income, and therefore the trial court's decision to include

Appellant's overtime income was not unreasonable, arbitrary, or unconscionable. *Copley v. Copley*, 4th Dist. Pike No 19CA901, 2020-Ohio-6669, 164 N.E.3d 1022, ¶25.

{¶17}  Accordingly, Appellant's first Assignment of Error is overruled.

**II.**

{¶18}  In Appellant's second Assignment of Error, Appellant argues the trial court erred in its determination of the effective date Appellant was required to pay spousal support. We disagree.

{¶19}  Appellant does not cite any statutory, case law, rules of civil procedure, or learned treatise from this or any other jurisdiction to support the proposition that the trial court should have considered that Appellee did not provide financial assistance to Appellant when Appellant had full custody of the children, or that the trial court should have considered the financial support Appellant provided to Appellee during prior divorce cases which were voluntarily dismissed. Accordingly, Appellant's brief does not comply with App.R. 16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶20}  "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14, quoting *State v. Carmen*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-

4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

**{¶21}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd. v. Transcontinental Ins. Co.*, 5th Dist. Richland No. 2004-CA-0029, 2005-Ohio-3052, ¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41.

**{¶22}** Appellant's only citation for law deals with the standard of review of a trial court's ruling on a motion to disqualify counsel. Appellant does not support his general argument with citations to authority. Appellant's argument has failed to cite statutes, case law, rules of civil procedure, or learned treatises, and apply the facts of the case to the legal authority. Consequently, we find that Appellant has not presented an argument, but relies only upon the assertion of error and unsupported accusations. Thus, we disregard this issue.

{¶23} Accordingly, Appellant's second Assignment of Error is overruled.

{¶24} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby, affirmed.


By: Wise, J.

Gwin, P. J., and

King, J., concur.


JWW/br 0612