[Cite as *State v. McMullen*, 2012-Ohio-2629.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97475 and 97476**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JOSEPH MCMULLEN

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542624

**BEFORE:**   S. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 14, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
        Oscar E. Albores
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Edward A. Heffernan
1660 West Second Street
Suite 410
Cleveland, OH   44113

Robert L. Tobik
Cuyahoga County Public Defender

By: Cullen Sweeney
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that reclassified appellee, Joseph McMullen, as a sex offender with a ten-year registration requirement under Megan's Law. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings consistent herewith.

**{¶2}** On September 10, 1998, McMullen was convicted of attempted rape in Maryland. After serving his sentence in Maryland, McMullen was transferred to Pennsylvania to serve another sentence on an unrelated, non-sex offense. In 2004, while incarcerated in Pennsylvania, McMullen executed a document, provided by the state of Maryland, notifying him he had been classified as a sexually violent offender and was required to register for life.[1]

**{¶3}** Although at the time of McMullen's conviction the registration requirement in Maryland required a sexually violent offender to register annually for ten years after the last date of release, the law was later amended to a lifetime requirement. *See* Md.Code Art. 27 § 792 (repealed), and former Md.Code § 11-707(a)(4)(ii). Further, the registration requirements applied retroactively pursuant to statute. *See* former Md.Code

---

[1] Although the document is not included as part of the record on appeal, the transcript reflects that it was referred to throughout the proceedings below and the parties do not dispute that McMullen was notified of his classification and registration requirements.

§ 11-702.1(a). The computation of the term would be computed from the last date of release or the date granted probation. *See* former Md.Code § 11-707(5)(b).

**{¶4}** The law being enforced upon McMullen was known as the Jacob Wetterling Act. In *Young v. Maryland*, 370 Md. 686, 690, 806 A.2d 233 (2002), the court struck down a constitutional challenge to the Jacob Wetterling Act and found that the statutory requirement that certain convicted defendants register as sex offenders was not regarded as "punishment" in the constitutional sense, but was a remedial requirement for the protection of the public. In *Doe v. Dept. of Public Safety & Corr. Servs.,* 185 Md.App. 625, 971 A.2d 975 (2009), the court ruled in a case in which the Jacob Wetterling Act was being applied to the defendant retroactively that

> (1) lifetime registration requirement for an individual classified as sexually violent offender did not violate procedural due process; (2) use of prior conviction for sexually violent offense as sole basis for lifetime registration had a rational basis and therefore did not violate equal protection; and (3) lifetime registration did not violate offender's constitutional right to privacy.

**{¶5}** Upon his release from prison, McMullen moved to Ohio. He registered his address with the Cuyahoga County sheriff's office on June 16, 2008. It is undisputed that the sheriff's office treated McMullen as a Tier III sex offender under the Adam Walsh Act ("AWA").

**{¶6}** On October 18, 2010, McMullen was charged in a two-count indictment with failure to verify address (R.C. 2950.06(F)) and failure to provide notice of change of address (R.C. 2950.05(E)(1)). As part of a plea agreement, McMullen pled guilty to an amended charge of attempted failure to verify, a felony of the third degree, and the

remaining count was nolled. The trial court sentenced McMullen to six months of community control sanctions.

{¶7} During the lower court proceedings, the trial court recognized uncertainty with McMullen's sex-offender classification. The court recognized that the AWA could not be retroactively applied to offenders such as McMullen. While the court found that McMullen should be classified under Megan's Law, the court struggled with whether he should be subject to a ten-year or a lifetime registration requirement. Ultimately, the court classified McMullen as a sex offender under Megan's Law with a ten-year registration requirement to end in 2014 and ordered the Cuyahoga County Sheriff and the Ohio Attorney General to remove any notation of McMullen's classification as a Tier III sex offender.

{¶8} The state has appealed the trial court's ruling, raising four assignments of error for our review. The state's first assignment of error challenges the jurisdiction of the trial court to remove McMullen's AWA classification and to reclassify McMullen.

{¶9} In *State v. Bodyke*, the Ohio Supreme Court held that the reclassification provisions of the AWA, which required the attorney general to reclassify sex offenders who have already been classified by court order under Megan's Law, were unconstitutional. 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 67. The court severed the reclassification provisions, R.C. 2950.031 and 2950.032, and held that after severance, those provisions could not be enforced. *Id.* at ¶ 66. The court further held that those provisions may not be applied to offenders previously adjudicated by

judges under Megan's Law and reinstated the classifications and community-notification and registration orders imposed previously. *Id*.

**{¶10}** In *State v. Williams*, the Ohio Supreme Court declared that

S.B. 10, as applied to Williams and any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws. 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22.

**{¶11}** In *State v. Gingell*, the Ohio Supreme Court vacated the conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06 where the conviction was based upon an unlawful reclassification under the AWA. 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, ¶ 8. The court found that pursuant to *Bodyke*, Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated and that Gingell remained accountable for the yearly registration requirement under Megan's Law. *Id.*

**{¶12}** In *State v. Palmer*, the Ohio Supreme Court recognized that sex offenders who have been reclassified under the AWA may still petition the court to contest their classification because *Bodyke* did not invalidate the petition process under R.C. 2950.031(E) and 2950.032(E). 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406.

**{¶13}** Upon our review of the above decisions, we find that the trial court correctly invalidated McMullen's Tier III classification and recognized his original classification

under Megan's Law.[2] We reject the state's argument that the trial court lacked jurisdiction to do so.

{¶14} We further recognize that McMullen entered a plea of guilty and has not appealed his conviction for attempted failure to verify. Nonetheless, it appears that his conviction was contrary to law because it arose from his unlawful classification under the AWA. *See State v. Caldero*, 8th Dist. No. 96719, 2012-Ohio-11; *State v. Grunden*, 8th Dist. No. 95909, 2011-Ohio-3687. Indeed, the record shows that McMullen had been improperly classified as a Tier III offender and that the charges stemmed from the AWA registration requirements. Though the issue is not before us, McMullen may wish to pursue relief upon remand.[3]

{¶15} The state's first assignment of error is overruled.

{¶16} The state's second and third assignments of error challenge the trial court's removal of McMullen's AWA classification because it claims the AWA may be constitutionally applied to out-of-state offenders whose crimes were committed prior to the enactment of S.B. 10. While McMullen argues that the state failed to raise these

---

[2] We note that the Ohio General Assembly repealed Megan's Law and replaced it with the AWA through S.B. 10. There has been no further action taken by the legislature. Nonetheless, the Ohio Supreme Court reinstated the classifications and registration requirements for offenders originally classified under Megan's Law. Although the legislature has not acted, we are bound to follow the decisions of the Ohio Supreme Court.

[3] We recognize that pending before the Ohio Supreme Court is the issue of whether *Bodyke* requires the vacation of convictions where the conduct of the sex offender, classified under Megan's Law, would have been a violation under both Megan's Law and the AWA. *See State v. Brunning,* Ohio Supreme Court No. 2011-1066.

arguments below, we recognize that a reviewing court retains "the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

**{¶17}** The state acknowledges that this court has previously rejected its arguments and indicates that these arguments are raised to preserve the issue for further review. Indeed, this court has previously found that *Bodyke* and *Williams* apply to out-of-state offenders and has rejected similar arguments. *See Nelson v. Ohio*, 8th Dist. No. 96988, 2012-Ohio-364, ¶ 10-13; *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540, ¶ 11. Accordingly, we overrule the state's second and third assignments of error.

**{¶18}** The state's fourth assignment of error argues that the trial court incorrectly imposed a ten-year registration requirement. The state claims that because McMullen was subject to a lifetime registration requirement under Maryland law, he should have been deemed a sexual predator with a lifetime registration requirement pursuant to former R.C. 2950.09(A). While McMullen has not appealed his conviction in this matter, he does contest the state's argument concerning his registration requirement.

**{¶19}** R.C. 2950.04(A)(4) imposes a duty to register on a person who has been convicted of a sexually oriented offense in another jurisdiction only if, at the time he moves to Ohio, he had a duty to register in the other jurisdiction as a consequence of the conviction. *State v. Lloyd*, __ Ohio St.3d __, 2012-Ohio-2015, __ N.E.2d __, ¶ 46. In *Lloyd*, the court ruled in a case involving a duty to register arising from an out-of-state

conviction, the state must prove  that the defendant was convicted of a sexually oriented offense that is or was substantially equivalent to any of the Ohio offenses listed under R.C. 2950.01(A), and that the defendant was under a duty to register in the other jurisdiction as a consequence of the conviction.  *Id.* at ¶ 13 and 46.  The court set forth the analysis a court must undertake to determine whether the offenses are substantially equivalent, stating as follows:

> We conclude that in order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

*Id.* at ¶ 31.

{¶20} The record in this case reflects that McMullen was convicted of attempted rape in Maryland in 1998. By the time McMullen was released from prison, he had been notified that he was subject to a lifetime registration requirement as a consequence of that conviction by the state of Maryland. The law was retroactively imposed upon McMullen pursuant to former Md.Code, § 11-702.1(a), which is to "be applied retroactively to include a registrant convicted of an offense committed before July 1, 1997, and who is under the custody or supervision of a supervising authority on October 1, 2001." *Doe*, 185 Md.App. 625, 631-632, 971 A.2d 975. Similarly, in Ohio, Megan's Law was retroactively imposed upon sex offenders regardless of when the underlying sex offense had been committed. *See* former R.C. 2950.04(A). It is only the retroactive application of the AWA that has been deemed unconstitutional in Ohio. *See Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

{¶21} Upon coming to Ohio, McMullen registered his address with the Cuyahoga County sheriff's office on June 16, 2008. At that time, Ohio law automatically classified as a sexual predator an out-of-state sex offender convicted of a nonexempt, sexually oriented offense who is required to register as a sex offender for life as a result of that conviction. Former R.C. 2950.09(A). Such offenders may petition the court to challenge the automatic classification pursuant to former R.C. 2950.09(F)(2), which requires the offender to show by clear and convincing evidence that the registration requirement of the other jurisdiction "is not substantially similar to the classification as a sexual predator for purposes [R.C. Chapter 2950]." When an out-of-state offender

challenges his classification under former R.C. 2950.09(F), the trial court first must determine whether the sexually oriented offense in the other state is substantially equivalent to one of the requisite Ohio offenses. *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st Dist.). If the offense is found to be similar, then the offender is entitled to a hearing where he has the burden of showing by clear and convincing evidence that he is not likely to commit a sexually oriented offense in the future. *Id*.

{¶22} The state claims that the trial court should have deemed McMullen a sexual predator in accordance with former R.C. 2950.09(A). McMullen contends that the trial court properly modified his default sexual-predator classification because Maryland's lifetime registration requirement is not substantially similar to a classification as a sexual predator under Ohio law. However, the trial court never conducted an appropriate inquiry for determining McMullen's duty to register in accordance with *Lloyd.* We understand that the trial court and the parties did not have the benefit of the *Lloyd* decision in the underlying proceedings.

{¶23} While the record reflects that McMullen was convicted of attempted rape and was subject to a lifetime registration requirement, the court never determined whether the Maryland offense is substantially equivalent to a listed Ohio offense. Further, even if McMullen is automatically deemed a sexual predator under former R.C. 2950.09(A), he should be afforded an opportunity to challenge the classification pursuant to former R.C. 2950.09(F)(2). Therefore, we find that the matter must be remanded for a hearing in

order for the proper determination to be made. The state's fourth assignment of error is sustained insofar as we find the trial court imposed a registration requirement upon McMullen without making the appropriate considerations.

{¶24} For the foregoing reasons, we find the trial court had jurisdiction to render McMullen's reclassification under the AWA invalid and to effectuate his original classification under Megan's Law. McMullen's conviction has not been challenged herein. However, the trial court erred in reclassifying McMullen contrary to the dictates of *Lloyd* and former R.C. 2950.09(A).

{¶25} Judgment reversed, case remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR