[Cite as *State v. Ameem*, 2013-Ohio-1555.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98773**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANSURI AMEEM

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544031

**BEFORE:** Stewart, A.J., Boyle, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Nathaniel Tosi
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} When defendant-appellant Ansuri Ameem moved to Ohio, his prior California conviction for sexual assault with a foreign object and pandering classified him as a sexually-oriented offender under the former Megan's Law. He was required to register his address annually for a period of ten years. In July 2007, the attorney general reclassified Ameem as a Tier III offender under the Adam Walsh Act — a reclassification that required him to register his address every 90 days for life. He failed that obligation in July 2010 and was indicted on a single count of failing to register his address. Ameem sought dismissal of the indictment on grounds that his 2007 reclassification was unconstitutional under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The court denied the motion to dismiss, Ameem pleaded no contest to the charge of failing to register, and this appeal followed. We find that the court erred by refusing to grant the motion to dismiss.

{¶2} *Bodyke* held that the attorney general's reclassification of an offender from Megan's Law to the Adam Walsh Act violated the separation of powers doctrine because it would allow the executive branch to review a decision made by the judicial branch. *Id*. at paragraph two of the syllabus. Ameem's reclassification by the attorney general from a sexually oriented offender under Megan's Law to a Tier III offender under the Adam Walsh Act was precisely the kind of action invalidated by *Bodyke*.

{¶3} The state argues that this case is different from *Bodyke* because Ameem's classification was made by an out-of-state court and his Ohio classification arose by

operation of law under R.C. 2950.04(A)(4). We have repeatedly rejected the argument that there is a distinction between in-state and out-of-state offenders. *See, e.g.*, *Majewski v. State*, 8th Dist. Nos. 92372 and 92400, 2010-Ohio-3178; *State v. Ortega-Martinez*, 8th Dist. No. 95656, 2011-Ohio-2540, ¶ 11; *State v. McMillan*, 8th Dist. Nos. 97475 and 97476, 2012-Ohio-2629, ¶ 17. The state concedes that we have previously rejected its argument and offers no compelling reason for us to depart from this precedent. We therefore adhere to precedent and find that the attorney general's reclassification of Ameem to a Tier III offender is invalid.

{¶4} In addition, we note that this case is not affected by the Supreme Court's recent decision in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316. In *Brunning*, the court held that despite an offender who was originally classified under Megan's Law being wrongly reclassified under the Adam Walsh Act, the state could still maintain a prosecution for a violation of the reporting requirements as long as the alleged violation also constituted a violation of Megan's Law. *Id.* at ¶ 27. For example, Brunning was charged with failing to notify the sheriff that his address had changed. His obligation to report a change of address existed under the provisions of both Megan's Law and the Adam Walsh Act. So even though Brunning had been charged with violating the Adam Walsh Act, the indictment alleged conduct that could nonetheless constitute a violation of Megan's Law that could form the basis for a prosecution. *Id.* at ¶ 31.

**{¶5}** Ameem was charged with failing to register as required by R.C. 2950.04(E). While both Megan's Law and the Adam Walsh Act contain similar reporting requirements, the time periods under each law are quite different: as a sexually oriented offender under Megan's Law, Ameem had the duty to register on a yearly basis for ten years; as a Tier III offender under the Adam Walsh Act, he had the duty to register every 90 days for life. It is unclear from the record whether Ameem was in violation of Megan's Law at the time the grand jury returned the indictment charging him with a violation of the Adam Walsh Act. We therefore sustain the assignment of error.[1]

**{¶6}** This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] We also find that *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, has no application to this appeal. In *Howard*, the court held that for a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the Adam Walsh Act is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the Adam Walsh Act. *Id.* at ¶ 29. Having found that Ameem was improperly reclassified under the Adam Walsh Act, any penalty applied for a reporting violation stemming from the improper reclassification is moot.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
TIM McCORMACK, J., CONCUR