[Cite as *Grisafo v. Holllingshead*, 2019-Ohio-3763.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEVIN A. GRISAFO,                          :

    Plaintiff-Appellee,               :

                                              No. 107802

    v.                                     :

GERALDINE A. HOLLINGSHEAD,        :

    Defendant-Appellant.              :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 19, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-04-299914

### *Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Richard A. Rabb, *for appellee.*

Coyne Stahl Jansen, L.L.C., Loretta A. Coyne, Edward R. Jansen, and Richard J. Stahl, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Geraldine Hollingshead, appeals from a judgment denying her three motions (motion for relief from judgment, motion to

adopt an amended Division of Property Order ("DPO"), and motion for an order requiring the Ohio Police & Fire Pension Fund ("OP&F Pension Fund") to provide Grisafo's "personal history record" to her), and granting plaintiff-appellee Kevin Grisafo's motion for attorney fees. Hollingshead raises five assignments of error for our review:

> 1. The trial court erred in finding that the [DPO] was consistent with the Final Decree.
>
> 2. The trial court erred in finding that appellant is not entitled to a division of appellee's [OP&F] Pension Fund disability benefits.
>
> 3. The trial court erred by not clarifying and/or otherwise correcting the conflicting statements within the Magistrate's Decision.
>
> 4. The trial court erred in denying the motion for order requiring the OP&F Pension Fund to provide information.
>
> 5. The trial court erred in awarding appellee attorney fees.

{¶ 2} Finding no merit to her assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} Hollingshead and Grisafo married in 1988. Grisafo began working at the Beachwood Police Department in 1995. The parties were granted a dissolution in August 2004, and their Separation Agreement was incorporated into their final decree.[1] According to an April 20, 2018 magistrate's decision, the final decree stated:

---

[1] The final decree is not in the record on appeal. It was an exhibit at the hearing before the magistrate on January 3, 2018, but those exhibits are not in the record. However, the wording of the final decree is not in dispute.

Husband has a vested pension in [the] Police and Fireman's Pension Fund all of which was accumulated during the term of the marriage.

Husband shall by Qualified Domestic Relations Order (QDRO) assign to Wife fifty (50) percent of said pension as of the date of the divorce and Wife shall be entitled to all post-retirement benefits of said plan including, but not limited to, all cost of living and other benefits of said plan.

{¶ 4} On November 1, 2004, the trial court issued a DPO (that is in the record before us), which was accepted by the OP&F Pension Fund on January 10, 2005. The DPO set forth the following language:

II. Amount Payable to the Alternate Payee: Upon the Plan Participant [Grisafo] receiving a payment from the Public Retirement Program [the OP&F Pension Fund], the court orders that the Alternate Payee [Hollingshead] shall receive payment in accordance with and subject to the limitations set forth in Sections 3105.82 to 3105.90. (Please designate the type and the method of payment):

A. Type of Payment: If the Participant is eligible to receive more than one benefit payment or more than one lump sum payment, please check the benefit(s) or lump sum payment(s) from which payment to the Alternate Payee shall be made. If no benefit or lump sum payment is designated, the Alternate Payee shall receive payment from the first benefit payment or lump sum payment for which the Participant is eligible to apply and receive. Please check ALL APPLICABLE BENEFIT(S) OR LUMP SUM PAYMENT(S)[.]

{¶ 5} The DPO then listed a number of options for an alternate payee to choose, including "age and service retirement benefit," "disability monthly benefit," "account refund," "additional money purchase annuity/additional annuity lump sum refund," "reemployed retiree money purchase annuity," and "defined contribution benefit." On the form, Hollingshead only designated "age and service retirement benefit" as the benefit from which she would be paid. The DPO set forth that Hollingshead would receive 50 percent of Grisafo's periodic benefit or a one-

time lump sum payment for the nine years that Grisafo "was both a member of the Public Retirement Program and married to" Hollingshead.

{¶ 6} Grisafo's last day of employment with the police department was April 9, 2016, due to a hip injury. His last day of official employment was on October 10, 2016. He began receiving disability benefits in November 2016. In January 2017, the OP&F Pension Fund awarded Grisafo full disability pension benefits.

{¶ 7} In May 2017, Hollingshead moved the trial court to adopt an amended DPO, which she claimed was necessary because otherwise she would "be barred [from] receiving her benefits" as awarded in the final decree. Hollingshead alleged that Grisafo was awarded full disability pension benefits and that those benefits would not convert to a regular retirement pension, which thereby prevented her from receiving 50 percent of Grisafo's retirement pension as set forth in the original DPO. The proposed amended DPO that Hollingshead attached to her motion designated her as eligible to receive payments from all sources of benefits listed under "type of payment," including "disability monthly benefit" as opposed to just the "age and service retirement benefit." Grisafo opposed Hollingshead's motion.

{¶ 8} In October 2017, Hollingshead moved for relief from judgment from the trial court judgments entered on August 31, 2004 (granting the parties' divorce/final decree), and November 1, 2004 (accepting the DPO). Grisafo opposed that motion as well.

{¶ 9} In December 2017, Hollingshead further moved the trial court for an order requiring the OP&F Pension Fund to provide information to her regarding Grisafo's "personal history record," which she alleged was "necessary for the preparation" of a new DPO and to better negotiate with Grisafo. Grisafo also opposed this motion and moved for attorney fees due to Hollingshead's multiple motions seeking to "undo the parties' [2004] agreement."

{¶ 10} In January 2018, a magistrate held a hearing on all motions.

{¶ 11} In April 2018, the magistrate issued a decision denying all three of Hollingshead's motions. Regarding Hollingshead's motion to adopt an amended DPO, the magistrate found that because "the final decree does not allocate any portion of Grisafo's disability benefits to Hollingshead[,]" the court could not issue a DPO that varied from the award that the court ordered in its decree. Regarding Hollingshead's motion for relief from judgment, the magistrate found that Hollingshead was not entitled to relief under Civ.R. 60(B)(4) or (5). The magistrate explained:

> Trial testimony established that Grisafo is presently 54[-]years old, and that he began working as a police officer in September 1995. * * * [Grisafo cannot] begin receiving [retirement] benefits until 25 years after his hire date. Grisafo will not be eligible for either normal retirement or commuted service retirement until September 2020.

> If Grisafo were still actively working as a police officer, Hollingshead would have no claim to 50% of his salary. Similarly, disability benefits are "a form of wage continuation" or "wage replacement" to which she has no claim until he reaches retirement age. *Ivanov v. Ivanov*, 9th Dist. Summit No. 24998, 2010-Ohio-1963, ¶ 25; *Motter v. Motter*, 3d Dist. Wyandot No. 16-99-14, 2000 Ohio App. LEXIS 3422, 11 (July 27, 2000).

When, in September 2020, Grisafo becomes eligible for retirement benefits, Hollingshead may then be entitled to some benefit:

> On the date a spouse becomes eligible for retirement, the disability benefits being received, though not marital property per se, begin to represent retirement benefits to the extent that they equal the retirement benefits the spouse would receive but for his disability.

*Cockerham v Cockerham*, 2017-Ohio-5563, 83 N.E.3d 999, ¶ 28 (5th Dist.); *Young v. Young*, 2d Dist. Clark No. 08-CA-59 & 08-CA-61, 2009-Ohio-3504, ¶ 31.

> However, until Grisafo becomes eligible for *retirement* benefits, as opposed to disability benefits, Hollingshead has no cognizable claim. *Ivanov*, 9th Dist. Summit No. 24998, 2010-Ohio-1963[,] at ¶ 28.

(Emphasis sic.)

{¶ 12} The magistrate also granted Grisafo's motion for attorney fees, finding the fees to be "reasonable and necessary" and ordering Hollingshead to pay Grisafo $5,000 for his attorney fees.

{¶ 13} Finally, the magistrate found that Hollingshead's motion to order the OP&F Pension Fund to provide information to her was moot.

{¶ 14} In May 2018, Hollingshead filed objections to the magistrate's decision. In September 2018, the trial court overruled her objections and approved and adopted the magistrate's decision without modification.

{¶ 15} It is from this judgment that Hollingshead now appeals. We will address Hollingshead's assignments of error out of order for ease of discussion.

## II. Standard of Review

{¶ 16} Our standard of review regarding Hollingshead's assignments of error is abuse of discretion. *See Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994) (review of a Civ.R. 60(B) motion); *Graham v. Graham*, 8th Dist. Cuyahoga No. 90506, 2008-Ohio-4877, ¶ 8, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981) (review of property division in divorce proceedings); *Reliance Elec. Co. v. KJ Elec.*, 8th Dist. Cuyahoga No. 72424, 1998 Ohio App. LEXIS 5771, 5 (Dec. 3, 1998), citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 664 N.E.2d 1272 (1996) (review of trial court's rulings on discovery motions); *Kaput v. Kaput*, 8th Dist. Cuyahoga No. 94340, 2011-Ohio-10, ¶ 9, citing *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 569 N.E.2d 464 (1991) (review of attorney fees).

{¶ 17} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *Id.*, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Id.*

## III.  Grisafo's Disability Benefits

{¶ 18} In Hollingshead's second assignment of error, she argues that the trial court erred in finding that she was not entitled to Grisafo's OP&F Pension Fund disability benefits.  She claims that she is entitled to Grisafo's disability benefits because Grisafo is receiving them in lieu of retirement benefits.

{¶ 19} Marital property, subject to division, includes "[a]ll real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage."  R.C. 3105.171(A)(3)(a)(i).

{¶ 20} Generally, disability benefits do not constitute marital assets because they "'are a form of wage continuation designed to compensate the recipient for wages that he [or she] would otherwise receive but for the disability.'"  *Koba v. Koba*, 8th Dist. Cuyahoga No. 70570, 1996 Ohio App. LEXIS 5736, 8-9 (Dec. 19, 1996), quoting *Elsass v. Elsass*, 2d Greene Nos. 93-CA-0005 and 93-CA-0016, 1993 Ohio App. LEXIS 6290 (Dec. 29, 1993).  In fact, disability benefits are treated as "income" and therefore are considered "separate property."  *Koba* at 8-9.

{¶ 21} However, disability benefits are considered marital property when they "are taken in lieu of a service or retirement pension."  *Abernathy v. Abernathy*, 8th Dist. Cuyahoga No. 91735, 2009-Ohio-2263, ¶ 6.  "'On the date a spouse becomes eligible for retirement, the disability benefits being received, though not marital property per se, begin to represent retirement benefits to the extent that they equal the retirement benefits the spouse would receive but for his disability.'"

*Mathews v. Mathews*, 2d Dist. Clark No. 2012-CA-79, 2013-Ohio-2471, ¶ 11, quoting *Young v. Young*, 2d Dist. Clark Nos. 08-CA-59 and 08-CA-61*, 2009-Ohio-3504. "[T]o be entitled to the marital portion of retirement benefits in this situation, the non-participant spouse has the burden to prove that the disability benefits are being received in lieu of retirement benefits or that the retirement benefits the participant spouse would otherwise be entitled to receive are being reduced by the receipt of disability benefits." *Young* at ¶ 29.

{¶ 22} First, neither the final decree nor the DPO entitle Hollingshead to any portion of Grisafo's disability benefits.

> A separation agreement is a contract and its interpretation is a matter of law. A separation agreement is subject to the same rules of construction as other contracts. *Forstner v. Forstner* (1990), 68 Oh[io] App.3d 367, 588 N.E.2d 285. Agreement between spouses is the linchpin of the procedure. * * * The primary principle which courts must follow is that the contract must be interpreted "so as to carry out the intent of the parties * * *." *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 313 N.E.2d 374.

*Rubins v. Rubins*, 8th Dist. Cuyahoga No. 61937, 1993 Ohio App. LEXIS 1558, 6-7 (Mar. 18, 1993).

{¶ 23} Even focusing on "the [parties'] intent[s] from a decade and a half ago" as Hollingshead argues we must do, Grisafo was not receiving disability benefits when the parties divorced and drafted the separation agreement and DPO. Further, the language of both the separation agreement and the DPO is clear: Hollingshead is only entitled to Grisafo's "age and service retirement benefits." She is not entitled to the disability benefits that Grisafo is currently receiving.

{¶ 24} Second, Hollingshead has not carried her burden to show that Grisafo is receiving disability benefits in lieu of his age and service retirement benefits. Indeed, Hollingshead cannot meet this burden because Grisafo has yet to reach the retirement age at which he will become eligible for his age and service retirement benefits — which will not happen until September 2020.

{¶ 25} In support of her argument, Hollingshead cites to *Bevan v. Bevan*, 9th Dist. Lorain No. 06CA008969, 2008-Ohio-724, which she claims presented "a similar issue when the parties' final decree awarded the wife an interest in husband's Police and Fireman's Pension Fund." In *Bevan*, the appellant-husband retired and was eligible for his pension benefits and elected to receive disability benefits in lieu of the pension benefits. Because the husband elected to receive disability benefits *after he retired*, the trial court found that the appellee-wife was entitled to the payments that the husband received. *Id.* at ¶ 9.

{¶ 26} *Bevan* is clearly distinguishable because Grisafo has not reached his retirement age and will not do so until September 2020. Therefore, unlike the husband in *Bevan*, Grisafo is not receiving his disability benefits in lieu of his age and service retirement benefits.

{¶ 27} Accordingly, we find no abuse of discretion on the part of the trial court. Thus, we overrule Hollingshead's second assignment of error.

## IV. DPO's Consistency with Final Decree

{¶ 28} In her first assignment of error, Hollingshead argues that the trial court erred when it found that the DPO was consistent with the final decree.

{¶ 29} The final decree states that Grisafo has a "vested pension with the Police and Firemen's Pension Fund" and that Hollingshead was entitled to 50 percent of that pension and all post-retirement benefits. The DPO states that Hollingshead is entitled to 50 percent of Grisafo's OP&F Pension Fund from his age and service retirement benefits.

{¶ 30} We note that Hollinghead's argument is somewhat vague. While not entirely clear, it seems that she is arguing that because the DPO does not reflect that she has an interest in Grisafo's present benefits — the disability benefits — it is inconsistent with the final decree. Her argument seems to be based on her belief that she has an interest in or is entitled to the disability benefits that Grisafo is currently receiving. We do not agree.

{¶ 31} As we previously pointed out, Hollingshead is not entitled to Grisafo's present disability benefits under either the separation agreement, final decree, or DPO. She will not be entitled to *any* benefits unless and until Grisafo begins receiving disability benefits *in lieu of* his age and service retirement benefits, which cannot possibly occur until September 2020.

{¶ 32} Further, we find that the final decree and DPO are consistent with one another. Both assign Hollingshead a 50 percent interest in Grisafo's age and service retirement benefits.

{¶ 33} Hollingshead appears to assert that she had a vested right in Grisafo's pension fund, which cannot be taken away without her consent. But again, Hollingshead is not entitled to any benefit until Grisafo reaches retirement age.

**{¶ 34}** Accordingly, we overrule Hollingshead's first assignment of error.

**V. Conflicting Statements in Magistrate's Decision**

**{¶ 35}** In her third assignment of error, Hollingshead argues that the trial court erred by not clarifying or otherwise correcting conflicting statements in the magistrate's decision. She argues that the following statements contained in the magistrate's decision conflict:

(1) Here, the final decree does not allocate any portion of Grisafo's disability benefits to Hollingshead; consequently, this court cannot issue a DPO that does so.

(2) When in September 2020, Grisafo becomes eligible for retirement benefits, Hollingshead may then be entitled to some benefit.

**{¶ 36}** Hollingshead claims that because Grisafo "confirmed that his current disability benefits are in lieu of retirement benefits," the trial court "could have — and should have — mandated that the DPO should have been amended to reflect that Grisafo's disability benefits are subject to be allocated to Hollingshead in lieu of his age and service benefits in September 2020." We disagree.

**{¶ 37}** First, there is nothing in the record to support Hollingshead's claim that Grisafo has accepted his disability benefits in lieu of his age and service retirement benefits. In fact, as discussed above, Grisafo cannot begin to accept disability benefits in lieu of his age and service retirement benefits until he is eligible for retirement in September 2020.

**{¶ 38}** Second, the trial court found that the magistrate's statement that Hollingshead "may be entitled to some benefit" when Grisafo retires was "obiter

dictum."[2] The trial court stated that the magistrate's decision "did not make a factual finding that Hollingshead will have a claim when Grisafo retires * * * [or] make a conclusion of law to that effect." The trial court found that the magistrate instead noted that disability benefits are not marital property unless they are accepted in lieu of retirement payment. Therefore, the trial court did not adopt the magistrate's second statement and instead found that it was dicta.

{¶ 39} Accordingly, we overrule Hollingshead's third assignment of error.

## VI. Motion for an Order Requiring the OP&F Pension Fund to Provide Information

{¶ 40} In her fourth assignment of error, Hollingshead argues that the trial court erred when it denied her motion for an order requiring the OP&F Pension Fund to provide information.

{¶ 41} The magistrate's decision, adopted by the trial court, denied Hollingshead's motion as moot. Even though she acknowledges that Grisafo's disability benefits cannot be taken in lieu of his age and service retirement benefits until September 2020, Hollingshead maintains that the information was necessary to determine if Grisafo was presently accepting disability benefits in lieu of his age and service retirement benefits and that the information was necessary to "negotiate, litigate, and/or fully and properly present her case[.]" We disagree.

---

[2] "Obiter dictum" is "a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." *Nelnet, Inc. v. Rauch*, 10th Dist. Franklin No. 18AP-555, 2019-Ohio-561, ¶ 10, citing *Black's Law Dictionary* 1240 (10th Ed.2014).

{¶ 42} As we discussed earlier, Grisafo is not entitled to his age and service retirement benefits until he is eligible to retire in September 2020. Therefore, he cannot receive his disability benefits in lieu of the age and service retirement benefits until that time. Hollingshead simply fails to show how any additional information from the OP&F Pension Fund was necessary.

{¶ 43} Further, we find that Hollingshead's general and vague assertions that she needed additional information from OP&F Pension Fund to "negotiate and litigate" do not show that the trial court abused its discretion in denying her motion.

{¶ 44} Accordingly, we overrule Hollingshead's fourth assignment of error.

## VII. Attorney Fees

{¶ 45} In her fifth assignment of error, Hollingshead argues that the trial court erred in awarding Grisafo $5,000 in attorney fees. She maintains that the award was "essentially and unnecessarily punitive" because had she not filed her motions, she would "never receive one cent from the [sic] Grisafo's vested pension."

{¶ 46} R.C. 3105.73(B) provides in pertinent part that in any post-decree motion or proceeding, a trial court may award all or part of reasonable attorney fees and expenses to the extent that such an award is equitable. The court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets. R.C. 3105.73(B).

{¶ 47} Additionally, Loc.R. 21(B) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, states:

At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking such fees shall present:

(1) An itemized statement describing the services rendered, the time for such services, and the requested hourly rate for in-court time and out-of-court time;

(2) Testimony as to whether the case was complicated by any or all of the following:

    (a) new or unique issues of law;

    (b) difficulty in ascertaining or valuing the parties' assets;

    (c) problems with completing discovery;

    (d) any other factor necessitating extra time being spent on the case;

(3) Testimony regarding the attorney's years in practice and experience in domestic relations cases; and

(4) Evidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing.

{¶ 48} Moreover, a party does not need to present expert testimony to show reasonableness of attorney fees. Loc.R. 21(C).

{¶ 49} At the hearing before the magistrate, Grisafo testified to and identified the bills he received from his attorney, which totaled $9,591.18. Grisafo's attorney also testified, stating that he practiced primarily domestic relations matters, performed "quite a bit of research" concerning Hollingshead's motions, appeared in a number of pretrials, and charged approximately $390 an hour. When the magistrate asked Grisafo's attorney what made the case difficult, his attorney replied that the case concerned a question of law and presented "some very unique

issues." He also explained that he was required to perform extensive legal research on the cases that Hollingshead cited so that he could exclude and distinguish them. Further, Hollingshead's counsel thoroughly cross-examined Grisafo's attorney about his legal bills and actions.

{¶ 50} After considering the factors in R.C. 3105.73(B), the trial court agreed with the magistrate and found that the fees were reasonable and necessary and were incurred "solely as a result of Hollingshead's motions." It found that a $5,000 award was equitable.

{¶ 51} After review, we find that the trial court did not abuse its discretion in awarding Grisafo $5,000 for attorney fees. The magistrate's decision noted that it considered the factors set forth in R.C. 3105.73(B), and we find that Grisafo's and his attorney's testimony established the necessary factors under Loc.R. 21(B).

{¶ 52} Accordingly, we overrule Hollingshead's fifth assignment of error.

{¶ 53} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR