[Cite as *State v. Ameem*, 2023-Ohio-1371.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellant,                   :

                                  No. 111898

    v.                                              :

ANSURI AMEEM,                                     :

    Defendant-Appellee.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 27, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638317-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mason McCarthy, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In a prior decision by this court, we determined it was unconstitutional for defendant-appellant, Ansuri Ameem f.k.a. Leon Miller ("Ameem"), to be reclassified under the Adam Walsh Act. *State v. Ameem*, 8th Dist.

Cuyahoga No. 98773, 2013-Ohio-1555 ("*Ameem I*"). In *Ameem I*, we made statements regarding Ameem's classification and registration requirements under Megan's Law. Ameem filed a motion to dismiss a subsequent criminal case arising from his Megan's Law obligations and argued that our earlier decision is law of the case. Ameem now asks us to determine whether the trial court erred in overruling his motion to dismiss. Because our statements regarding Ameem's Megan's Law classification and registration requirements were dicta and not law of the case, we affirm the trial court's denial of Ameem's motion to dismiss.

## I.    Facts and Procedural History

{¶ 2}    The 2019 case from which this appeal arises is not Ameem's first run-in with the justice system for failure to perform his duties pursuant to Megan's Law. The following journal entry from *State v. Ameem*, Cuyahoga C.P. No. CR-16-606010, sets forth the relevant facts and procedural history:

> The indictment itself is forthright enough: the defendant is charged with a single count of failing to provide notice of a change of address, as required by Ohio R.C. §2950.05(E)(1); it is alleged that he was required to do so based upon his conviction on May 29, 1985, in Sacramento County Court, California, Case No. A05676184, for sexual assault with a foreign object. The failure to provide notice is alleged to have occurred on April 15, 2016.

> The state asserts that, as a result of the California conviction, the defendant was required to register in California as a sexual offender annually for life. The state further claims that, by operation of former Ohio R.C. §2950.09(A), "...that conviction... or adjudication automatically classifies the person as a sexual predator for the purposes of this chapter...," and thus subjects him to the reporting requirements for a sexual predator under the former Megan's Law — including reporting every 90 days and verification of any change of address.

* * * In a previous case (No. CR-544031) this same defendant had been administratively reclassified under the then-new Adam Walsh Act as a Tier III offender, which also mandated, *inter alia*, residence verification and change of address notification for life. The defendant was convicted of failing to provide the required verification, and (by opinion dated April 18, 2013) the Eighth District Court of Appeals reversed, finding that the reclassification was "invalid." As previously noted, under the Ohio Megan's Law, the defendant then should have reverted to his prior classification as a sexual predator; however, the Court of Appeals stated specifically at ¶ 1 that:

> When defendant-appellant Ansuri Ameem moved to Ohio, his prior California conviction for sexual assault with a foreign object and pandering classified him as a sexually[ ]oriented offender under the former Megan's Law. He was required to register his address annually for a period of ten years.

And again, at ¶ [5]:

> * * * While both Megan's Law and the Adam Walsh Act contain similar reporting requirements, the time periods under each law are quite different: as a sexually oriented offender under Megan's Law, Ameem had the duty to register on a yearly basis for ten years; as a Tier III offender under the Adam Walsh Act, he had the duty to register every 90 days for life.

As defendant argues, and as the state concedes, the Court of Appeals misstated the duty of the defendant by asserting that he was subject to reporting and verification for merely ten years. Counsel notes that, under defendant's former name of Leon Miller, he was sentenced by the Sacramento County Court, and was released from prison in 1991. Accepting the dicta of the Eighth District Court of Appeals, then, the ten[ ]years' registration requirement would have expired in 2001.

Assuming, arguendo, that the defendant in fact did fail to register his change of address with the Cuyahoga County Sheriff, the question remains whether under the law he was required to do so. Given the clear mandate of former R.C. §2950.09(A), it is evident that the defendant in fact was required to report every 90 days for life.

Defendant asserts that this language is part of the holding of the Court of Appeals and thus constitutes the law of the case. Clearly, that is not so. The law of the case is the decision of the Court of Appeals that the state's administrative reclassification of the defendant from "Sexual Predator" under Megan's Law to "Tier III Sex Offender" under the Adam Walsh Act was invalid. The court's further comment that he is thus a "Sexually Oriented Offender" — although set forth repeated — is in fact *obiter dicta*.

* * *

It must be noted * * * that upon remand from the Court of Appeals, case number [CR-10-]544031 was dismissed upon the state's motion and reindicted on February 25, 2014, as case number [CR-14-]582773; the defendant pled guilty and was sentenced to the Cuyahoga County Jail for six months. On April 16, 2015, the defendant was again indicted on charges of failing to verify his address [in case number CR-15-594868], (date of offense: October 12, 2014), and sentenced to the Cuyahoga County Jail for time served (63 days).

(Footnote omitted.) *Id.*

{¶ 3} The trial court stated, "Thus, the question before this court is not whether the defendant in fact was required to provide notice of his change of address — under the law, he was; rather, the question is whether the misstatement of the law is sufficient to excuse his failure to do so." *Id.* The trial court found that even though the registration requirement was a matter of strict liability, Ameem was entitled to rely on this court's statements and conclude that his registration requirements had ended in 2001. *Id.* As a result, the trial court granted Ameem's motion to dismiss the indictment. However, the trial court further held that "despite the * * * dicta by the Court of Appeals, he remains a sexual predator under Ohio law and going forward shall continue to be required to comply with all requirements thereof for life." *Id.* No appeal was taken from the trial court's order of October 24, 2016.

**{¶ 4}** This brings us to the case at issue. In April 2019, Ameem was again indicted in *State v. Ameem*, Cuyahoga C.P. No. CR-19-638317, with one count of failing to verify his current address pursuant to R.C. 2950.06(F). Ameem filed a motion to dismiss and argued that this court's statements regarding his classification and registration requirements under Megan's Law in *Ameem I* were not dicta and were, therefore, binding on the trial court. The state opposed the motion and a hearing was held.

**{¶ 5}** The trial court subsequently denied Ameem's motion to dismiss for four reasons: 1) Megan's Law classifies Ameem as a sexual predator in Ohio and that classification carries the obligation to register every 90 days for life; 2) this court's "description of [ ] Ameem as a sexually oriented offender twice in passing does not constitute a finding or adjudication that he is not a sexual predator"; 3) the law-of-the-case doctrine has no application because the doctrine has never been applied to a sexual predator determination; and 4) Ameem was put on notice that future failure to register would result in criminal liability based on his previous convictions and the trial court's 2016 ruling. *State v. Ameem*, C.P. No. CR-19-638317, 2020 Ohio Misc. LEXIS 139 (Oct. 5, 2020). Ultimately, Ameem entered a no-contest plea in August 2020 and was found guilty of violating R.C. 2950.06(F) for failing to verify his current address as charged in the indictment. Ameem waived a presentence-investigation report and was sentenced on the same day to "a prison sentence at the Lorain Correctional Institution of 9 month(s)," "up to 2 years of [postrelease control] at the discretion of the parole board," and a fine of $1,000. (Aug. 26, 2022,

Judgment Entry.) The imposition of the sentence was stayed and an appellate bond was granted by the trial court without objection.

{¶ 6} Ameem now appeals raising the following assignment of error for review:

**Assignment of Error:** The trial court erred in overruling [Ameem]'s motion to dismiss.

## II. Law and Analysis

{¶ 7} Ameem argues that *Ameem I* characterized him as a sexually oriented offender with a duty to register annually for ten years. Ameem maintains that this court's statements about his registration duties as a sex offender are mandates of law that must be applied regardless of their correctness based on the law-of-the-case doctrine. The state argues that the misstatements made in *Ameem* were dicta that did not bind the trial court and should not be applied as controlling precedent.

{¶ 8} Whether the law-of-the-case doctrine applies is subject to de novo review. *Cleveland v. Jaber*, 8th Dist. Cuyahoga No. 109648, 2021-Ohio-1486, ¶ 20, citing *Frazier v. Rodgers Builders*, 8th Dist. Cuyahoga No. 91987, 2010-Ohio-3058, ¶ 60. Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984). The law-of-the-case doctrine applies only to legal issues "that have been decided with finality." *Williams v. Matthews*, 8th Dist. Cuyahoga No. 103501, 2016-Ohio-3461, ¶ 7; *Giancola v. Azem*, 153 Ohio St.3d

594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 22 ("Only those legal questions resolved by a reviewing court are the law of that case."). The goals of the doctrine are "to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of the superior and inferior courts as designed by the Ohio Constitution." *Estate of Mikulski v. Centerior Energy Corp.*, 2019-Ohio-983, 133 N.E.3d 899, ¶ 35 (8th Dist.), citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 160, 519 N.E.2d 390 (1988).

{¶ 9} The law-of-the-case doctrine "'compel[s] trial courts to follow the mandates of reviewing courts[,]' and trial courts are 'without authority to extend or vary the mandate given.'" *Id.*, quoting *Hawley* at 160. Thus, when "a trial court is confronted with *substantially the same facts and issues* as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination." (Emphasis sic.) *Id.*, citing *id*. The law of the case "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan* at 3; *Jaber* (declining to apply the law-of-the-case doctrine where prior judgment entry imposed a fine contrary to law).

{¶ 10} "Webster's [N]ew International Dictionary (2 Ed.), defines obiter dictum as 'an incidental and collateral opinion uttered by a judge, and therefore (as not material to his decision or judgment) not binding. * * * Hence, any incidental remark, reflection, comment, or the like.'" *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 505-506, 83 N.E.2d 393 (1948). This court further defined "obiter dictum" as a "'judicial comment made while delivering a judicial opinion, but one

that is unnecessary to the decision in the case and therefore not precedential.'" *Grisafo v. Hollingshead*, 8th Dist. Cuyahoga No. 107802, 2019-Ohio-3763, ¶ 38, fn. 2, quoting *Nelnet, Inc. v. Rauch*, 10th Dist. Franklin No. 18AP-555, 2019-Ohio-561, ¶ 10; *see also Snellman v. Levine*, 8th Dist. Cuyahoga No. 95148, 2010-Ohio-5616 ("[W]here a case is decided on one issue, and dicta pertaining to a separate and distinct issue might be found in the rationale of the case, the court has not decided the matter on the bases of the issue mentioned in dicta."). Dicta is not binding in subsequent cases as legal precedent. *See, e.g.*, *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 27 (court erred as a matter of law by relying on dicta); *Cuyahoga Metro. Hous. Auth. v. FOP Ohio Labor Council, Inc.*, 2018-Ohio-1079, 108 N.E.3d 1220, ¶ 40 (8th Dist.) ("[I]t would be improper for us to convert mere dicta into binding precedent."); *Morris v. State*, 8th Dist. Cuyahoga No. 80839, 2002-Ohio-5975 ("Because the panel dismissed the appeal for want of a final, appealable order, any statements it made that went beyond the confines of an analysis of jurisdiction were dicta and not binding on us or any other court.").

{¶ 11} As noted by the state and concluded in the trial court's rulings, the statements about Ameem's classification and registration requirements in this court's prior decision are not law of the case, rather, they are dicta. While *Ameem,* 8th Dist. Cuyahoga No. 98773, 2013-Ohio-1555, involved the same set of facts presented herein, it resolved a different issue: whether Ameem's 2007 reclassification by the Attorney General under the Adam Walsh Act was constitutional. This issue is separate and distinct from the issues Ameem now

argues were resolved in his prior appeal: 1) whether he was classified as a "sexually oriented offender" or a "sexual predator" under Megan's Law and 2) whether that classification required registration every 90 days for life. In his brief, Ameem admittedly agrees, "*Ameem* [*I*] simply settles the issue of what law Ameem had to register under."

{¶ 12} Moreover, this court's statements about Ameem's classification and, consequently, the time requirements of his duty to register, were not material to our conclusion: Ameem's 2007 reclassification from Megan's Law to the Adam Walsh Act was unconstitutional. Rather, this court decision hinged on the legal precedent set forth by the Ohio Supreme Court in *State v. Bodyke*, 126 Ohio St.3d 266, 2010 Ohio 2424, 933 N.E.2d 753. The statements regarding Ameem's classification and registration requirements were thus incidental and collateral to the opinion. Therefore, the unnecessary statements are not law of the case; they are dicta that were not binding on the trial court.

{¶ 13} Based on the record before us, in 2016, the trial court made clear that "[Ameem] in fact was required to report every 90 days for life."[1] *Ameem*, Cuyahoga

---

[1] As noted by the state, former R.C. 2950.09(A) provides: "If a person is convicted * * * in a court in another state * * * for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense, and if, as a result of that conviction * * * the person is required, under the law of the jurisdiction in which the person was convicted * * * to register as a sex offender until the person's death, that conviction * * * automatically classifies the person as a sexual predator for the purposes of this chapter, but the person may challenge that classification pursuant to division (F) of this section." *See also State v. McMullen*, 8th Dist. Cuyahoga Nos. 97475 and 97476, 2012-Ohio-2629 (offender with lifetime registration requirement in Maryland required to register as sexual predator in Ohio).

C.P. No. CR-16-606010 (Oct. 24, 2016). The trial court unequivocally concluded that Ameem "should revert to the earlier statutory classification as a sexual predator, with the registration and notifications to remain in effect for life." *Id.* Thus, so long as Ameem resides in Ohio, he must perform all obligations Megan's Law imposes on him as a sexual predator, including registration every 90 days for life. *See* R.C. Chapter 2950.

{¶ 14} Accordingly, Ameem's assignment of error is overruled.

III. **Conclusion**

{¶ 15} Because this court's prior decision in *Ameem I* resolved the constitutionality of his reclassification under the Adam Walsh Act and did not resolve his classification and registration requirements under Megan's Law, the immaterial statements made therein about his Megan's Law classification and registration duties are not law of the case; they are mere dicta by which the trial court was not bound. Thus, the trial court did not err in denying Ameem's motion to dismiss.

{¶ 16} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case

remanded to the trial court for stay to be lifted and execution of sentence (i.e., prison sentence, postrelease control, and fine).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR